PALMER, J.
The State of Florida, Department of Highway Safety and Motor Vehicles (DHSMV), seeks certiorari review of the circuit court order which granted Carl Stevens’ petition for writ of certiorari and quashed the suspension of his driver’s license. We deny the petition because DHSMV has not established that the circuit court failed to afford the parties procedural due process or applied the incorrect law.
Stevens’ driver’s license was suspended pursuant to section 322.2615(l)(a) of the Florida Statutes (1999) after a citation was issued to him for driving with an unlawful blood alcohol level. Stevens requested a formal review of his suspension as provided for in section 322.2615(6) of the Florida Statutes. A hearing officer conducted a formal review of Stevens’ case and determined that the preponderance of the evidence supported the suspension of Stevens’ license. Among the objections overruled by the hearing officer *323 was Stevens’ claim that the breath test results should have been excluded because the agency inspector of the machine used for testing Stevens did not have a valid agency inspector permit as required by rule 11 D-8.008(2) of Florida’s Administrative Code.
Stevens timely filed a petition for cer-tiorari review in the circuit court. The circuit court reversed the suspension of Stevens’ license, holding that the agency inspector was not properly qualified to conduct the monthly inspections of breath test instruments because he had not received sufficient hours of instruction before receiving his permit. The circuit court determined that the inspector had not complied with rule llD-8.008(2) of Florida’s Administrative Code in order to' receive an agency inspector permit and a breath test operator permit. As a consequence, the court concluded that the results generated by the improperly-inspected device should not have been admitted and, accordingly, Stevens’ suspension was set aside.
In reviewing the decision of the circuit court sitting in its review capacity, this court is limited to determining whether the circuit court afforded the parties procedural due process and applied the correct law. Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000). DHSMV does not assert that it was denied procedural due process, but argues that the circuit court applied the incorrect law. DHSMV argues that rule 11D-8.008(2) was the incorrect law to apply because it only applies to a person who has not previously obtained a permit and that rule 11D 8.008(7) applies to a person who seeks to renew a permit which was initially issued under the former rule. However, DHSMV presented no evidence during the administrative hearing that the inspector had received a valid permit under the former rules. Accordingly, DHSMV has failed to sustain its burden of establishing that the circuit court applied the incorrect law.
Alternatively, DHSMV contends that the hearing officer made a factual determination that the inspector was a qualified agency inspector and that this determination was supported by competent substantial evidence and thus the circuit court improperly re-weighed the evidence or substituted its judgment for that of the agency, in violation of Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995). However, whether the inspector had a valid agency inspector permit was a question of law, not of fact. As such, the circuit court’s decision was based on its interpretation of the applicable rule, not the weight of the evidence.
DHSMV further argues that the Florida Department of Law Enforcement (FDLE) determines the qualifications and criteria for issuance and suspension of agency and inspector permits and that, by failing to apply the rule established by FDLE, the circuit court improperly nullified the permit issued to the inspector. However, as this court determined in State v. Reisner, 584 So.2d 141 (Fla. 5th DCA), rev. denied, 591 So.2d 184 (Fla.1991), a person can-attack the validity, of the test results taken under the implied consent law by attacking the rule adopted to implement that law. More importantly, the circuit court was not usurping the FDLE, but rather applying the rules implemented by the FDLE, as the court interpreted them.
Petition for writ of certiorari DENIED.
GRIFFIN and SAWAYA, JJ, concur.