751 So.2d 1277 (2000)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Beverly PERRY, Respondent.
No. 5D99-3632.
District Court of Appeal of Florida, Fifth District.
March 17, 2000.
*1278 Enoch J. Whitney, General Counsel, and Heather Rose Cramer, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, West Palm Beach, for Petitioner.
Steven G. Mason of Law Offices of Steven G. Mason, Orlando, for Respondent.
W. SHARP, J.
The Department of Highway Safety and Motor Vehicles petitions this court for a writ of certiorari to quash the circuit court's order rendered in its appellate review capacity. Perry, the respondent, had her driver's license suspension sustained by the Department after it found she refused to take a breathalyzer test following her arrest for driving under the influence of alcoholic beverages. See generally § 316.1932(1)(a), Fla. Stat. (1999). Perry sought review of this determination in the circuit court by filing a petition for certiorari.[1] The circuit court held the suspension should not have been sustained because the record failed to include an affidavit of refusal pursuant to section 322.2615(2), Florida Statutes (1999). Under the circumstances of this case, we issue the writ and quash the ruling of the circuit court.
The record in this case establishes that on December 4, 1998, at 9:00 p.m., Trooper Ikeguchi of the Florida Highway Patrol responded to the scene of a hit and run crash. He interviewed the victim and she identified Perry as the driver of the vehicle that had hit her and then left the scene of the crash. He contacted Perry and noticed the odor of alcohol on her breath, that she had blood shot eyes, and that she was slurring her speech.
Trooper Ikeguchi told Perry he had completed his crash investigation and was conducting a criminal investigation for DUI. He read Perry the Miranda warnings and requested that she perform field sobriety exercises. Perry refused to perform them. He then placed Perry under arrest for DUI and read her the implied consent warnings.[2] Perry refused to take the intoxilyzer test.
Perry was transported to the Seminole County Jail where she was again informed of the implied consent warnings. She again refused to submit to a breath alcohol test. Accordingly, Trooper Ikeguchi issued Perry a DUI citation and informed *1279 her that her driving privilege was suspended for one year because of her refusal to take the requested test.
Perry requested a formal review of her driver's license suspension. It was conducted by a departmental hearing officer. He determined that the preponderance of the evidence, which included the facts contained in the arresting officer's affidavit, supported the suspension of Perry's driver's license.
Perry filed a petition for writ of certiorari in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida. The circuit court quashed the administrative order on the ground that section 322.2615(2), Florida Statutes (1999) requires law enforcement officers to forward both an arrest report affidavit and an affidavit of refusal to the Department within five days of the arrest. The record in this case did not include an affidavit of refusal, which the court ruled was fatal to the Department's case.
In reviewing a final order rendered in a circuit court proceeding sitting in its appellate capacity, this appellate court is limited to determining whether the circuit court afforded procedural due process and applied the correct law. See Conahan v. Department of Highway Safety and Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993). We think the circuit court in this case misread section 322.2615(2), Florida Statutes (1999). That section provides in pertinent part:
... the law enforcement officer shall forward to the department, within 5 days after the date of arrest, a copy of the notice of suspension, the driver's license of the person arrested, and a report of the arrest, including an affidavit stating the officer's grounds for belief that the person arrested was in violation of section 316.193; the results of any breath or blood test or an affidavit stating that a breath, blood or urine test was requested by a law enforcement officer or correctional officer and that the person arrested refused to submit....
The Department developed a refusal affidavit form for use by law enforcement to ensure compliance with the procedures of the implied consent statute.[3] When properly executed, this affidavit is evidence that the implied consent warnings were given, including notice of the automatic suspension of driving privileges for one year to eighteen months for refusing to take a blood, breath or urine test, and that the driver was requested to submit to one of those tests, but refused to submit. In this case, the affidavit form was not admitted in evidence because it was not signed.
At a review hearing, the Department hearing officer must determine by a preponderance of the evidence whether sufficient cause exists to sustain the driver's license suspension. The issues in the review hearing are limited to the following:
1. Whether the arresting law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in the state while under the influence of alcoholic beverages or controlled substances.
2. Whether the person was placed under lawful arrest for a violation of section 316.193.
3. Whether the person refused to submit to any such test after being requested to do so by a law enforcement officer or correctional officer.
4. Whether the person was told that if he or she refused to submit to such test his or her privilege to operate a motor vehicle would be suspended for a period of one year, or in the case of second or subsequent refusal, for a period of eighteen months.
§ 322.2615(7)(b), Fla. Stat. (1999).
The Department asserts that there is competent evidence to support the hearing *1280 officer's decision to sustain the suspension of Perry's driver's license and that section 322.2615(2) does not mandate the filing of an affidavit of refusal on a form provided by the Department. It requires only that an affidavit stating the breath, blood or urine test was requested by a law enforcement officer, implied consent warnings were given, and that the person arrested refused to submit. We agree. In this case the arrest affidavit filed was sufficient to meet the dual affidavit requirements of section 322.2615(2). Trooper Ikeguchi included in his arrest report affidavit that the implied consent warnings were given and that Perry refused to perform the intoxilyzer test.
The arrest report states only generally that the implied consent warnings were given and that Perry refused to submit. It does not elucidate that Perry was fully informed of her obligations under the implied consent statute and the specific penalties. However, the statute quoted above does not require that the affidavit recount the specific information set forth in the Department's form or that the complete text of the implied consent warnings be quoted verbatim in the affidavit. Like the Miranda warnings, the implied consent warnings are standard instructions which can be identified in an affidavit by simple reference.
Further, included in the record before the Department is a written and signed DUI video task format, which indicates that a videotape was made at the Seminole County Jail showing that Perry was requested to take a breath test and was told her driving privileges would be suspended for one year, or in the case of second or subsequent refusal, for a period of eighteen months, if she refused. The video task format also indicates Perry refused to take the test.
The document was signed by the breath technician at the jail, but it was not sworn to or notarized. Although it does not satisfy the affidavit requirement of section 322.2615(2), it does provide further evidence from which the hearing officer could conclude that Perry was given the proper notice of automatic penalties before she refused the test. The hearing officer could consider this additional evidence in determining the arresting officer properly suspended Perry's driver's license. See § 322.2615(11), Fla. Stat. (1999); Fla. Admin. Code R. 15A-6.013.
Accordingly, we grant the writ and quash the circuit court's order.
Petition for Writ of Certiorari GRANTED; Order QUASHED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] See generally, § 322.2615(13), Fla. Stat. (1999).
[2] See generally, § 316.1932(1)(a), Fla. Stat. (1999) (one year suspension of one's driver's license for first refusal to perform requested test and eighteen months suspension for a second or subsequent refusal)
[3] HSMV Form 72054.