793 So.2d 1073 (2001)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Suzanne RUSSELL, Respondent.
No. 5D01-947.
District Court of Appeal of Florida, Fifth District.
August 3, 2001.
Rehearing Denied September 12, 2001.
*1074 Enoch J. Whitney, General Counsel, Tallahassee, and Rhonda M. Diamond, Miami, and Heather Rose Cramer, West Palm Beach, Assistant General Counsel, for Petitioner.
Michael P. Murphy of Michael P. Murphy, P.A., Orlando, for Respondent.
ORFINGER, R.B., J.
Petitioner, State of Florida, Department of Highway Safety and Motor Vehicles (Department), seeks certiorari review of a circuit court order quashing the Department's suspension of Suzanne Russell's driver's license following her arrest for driving under the influence (DUI) in violation of section 316.193, Fla. Stat. (2000). We grant the petition and quash the circuit court's order.
On August 24, 2000, a deputy of the Seminole County Sheriff's office observed Russell's vehicle being driven in an erratic manner. The deputy stopped the vehicle, made contact with Russell, and observed that she appeared to be under the influence of alcohol. After Russell performed field sobriety exercises, she was arrested for DUI. Russell was read the implied consent warnings and agreed to submit to a breath test. Her breath test results were .119 and .124. Russell then received a DUI citation and her driving privilege was suspended as required by section 322.2615(1)(a), Florida Statutes (2000). Pursuant to section 322.2615(1)(b)(3), Russell *1075 requested a formal review of her driver's license suspension before the Bureau of Administrative Reviews. At the conclusion of the hearing, the hearing officer determined that the evidence supported Russell's license suspension.
Russell then sought certiorari review of the hearing officer's order in the circuit court. In granting Russell's certiorari petition, the circuit court concluded that the hearing officer improperly admitted Russell's breath test results because (1) insufficient evidence was presented to prove that the alcohol reference solutions used during the monthly inspections of the breath test machine were prepared by the Florida Department of Law Enforcement (FDLE) or were from a source approved by FDLE and (2) the breath test result affidavit admitted into evidence, pursuant to section 316.1934(5), Florida Statutes (2000), failed to substantially comply with the statute.
In reviewing a final order of the circuit court acting in its review capacity, the district court is limited to determining whether the circuit court afforded procedural due process and applied the correct law. Conahan v. Dep't of Highway Safety, 619 So.2d 988, 989 (Fla. 5th DCA 1993). For the results of a defendant's breath test to be admissible, the State must establish that the test was made in substantial conformity with the applicable administrative rules and statutes. State v. Donaldson, 579 So.2d 728 (Fla.1991). Insubstantial differences or variations from approved techniques does not render the test nor the test results invalid. State v. Friedrich, 681 So.2d 1157, 1163 (Fla. 5th DCA 1996).
As part of the monthly and annual inspections of a breath test instrument, the machine must be tested with solutions of alcohol at known concentrations (reference solutions) to insure that the machine is providing accurate readings. Pursuant to Florida Administrative Code Rule 11D-8.006(2), the alcohol reference solutions must be prepared by FDLE or from an FDLE approved source. At Russell's hearing, Keith Betham, the DUI technician and agency inspector for the Seminole County Sheriff's office, testified that the alcohol reference solution used to test the Seminole County Sheriffs office breath testing machine was a premixed solution manufactured for testing purposes by a laboratory approved by FDLE. Russell contends that the hearing officer erred in concluding that Betham's testimony was sufficient to prove compliance with rule 11D-8.006(2). Specifically, she contends that the evidence failed to prove that the alcohol reference solution used to test the machine was actually the substance required by the administrative rules. We disagree. Betham's testimony demonstrates substantial compliance with the inspection and testing procedures required by the statutes and rules. See § 316.1932(1)(b)(2), Fla. Stat. (2000). While Russell was free to introduce evidence that might cast doubt on the alcohol reference solutions or the testing procedures used on this breath testing machine, she did not.
Next, the Department asserts that the circuit court erroneously concluded that the breath test result affidavit admitted into evidence failed to comply with the requirements of section 316.1934(5), Fla. Stat. (2000). Russell contends that the breath test result affidavit, while showing the date of the most recent inspection of the machine, did not disclose the date of the most recent maintenance of the instrument. Russell argues that maintenance information is specifically required by statute if the affidavit is to be self-authenticating and admissible in evidence.
Section 316.1934(5), Florida Statutes, provides:

*1076 An affidavit containing the results of any test of a person's blood or breath to determine its alcohol content, as authorized by s. 316.1932 or s. 316.1933, is admissible in evidence under the exception to the hearsay rule in s. 90.803(8) for public records and reports. Such affidavit is admissible without further authentication and is presumptive proof of the results of an authorized test to determine alcohol content of the blood or breath if the affidavit discloses:
(a) The type of test administered and the procedures followed;
(b) The time of the collection of the blood or breath sample analyzed;
(c) The numerical results of the test indicating the alcohol content of the blood or breath;
(d) The type and status of any permit issued by the Department of Law Enforcement which was held by the person who performed the test; and
(e) If the test was administered by means of a breath testing instrument, the date of performance of the most recent required maintenance on such instrument.

The Department of Law Enforcement shall provide a form for the affidavit. Admissibility of the affidavit does not abrogate the right of the person tested to subpoena the person who administered the test for examination as an adverse witness at a civil or criminal trial or other proceeding.
(emphasis supplied).
The hearing officer admitted in evidence the breath test result affidavit which showed that the last agency inspection of the breath test machine prior to Russell's arrest occurred on July 24, 2000. The agency's inspection report for the machine, dated July 24, 2000, was also introduced. That report indicates that the machine complied with agency inspection standards and that the inspector also "performed required maintenance" on the machine. When the breath test result affidavit is considered together with the agency inspection report, it is clear that both the inspection and the required maintenance of the machine were performed by the Sheriff's office in substantial compliance with the applicable statutes and rules.
For the reasons stated herein, we issue the writ of certiorari and quash the circuit court's order.
CERTIORARI GRANTED. ORDER QUASHED.
SHARP, W., and PALMER, JJ., concur.