799 So.2d 1079 (2001)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Kelley K. DEHART, Respondent.
No. 5D01-663.
District Court of Appeal of Florida, Fifth District.
October 5, 2001.
Rehearing Denied November 15, 2001.
*1080 Enoch J. Whitney, General Counsel and Rhonda M. Diamond, Assistant General Counsel, Miami and Heather Rose Cramer, Assistant General Counsel, West Palm Beach for Petitioner.
Tad A. Yates of Kirkconnell, Lindsey & Snure, P.A., Winter Park, for Respondent.
PALMER, J.
The State of Florida, Department of Highway Safety and Motor Vehicles (DHSMV), seeks certiorari review of an order entered by the circuit court quashing the administrative suspension of Kelley Dehart's driver's license. Concluding that the circuit court's order departs from the essential requirements of law, we grant the petition and quash the order.
A deputy sheriff stopped Dehart's vehicle after observing that she was driving erratically. During the stop, Dehart was twice administrated a breath test, and her alcohol level registered 0.85 and 0.86 respectively. The deputy then issued Dehart a DUI citation, and her driving privileges were automatically suspended pursuant to section 322.2615(1)(a) of the Florida Statutes (1999). The deputy sheriff timely filed his paperwork with DHSMV as mandated by section 322.2615(2) of the Florida Statutes (1999) and rule 15A-6.013 of Florida's Administrative Code.
Dehart requested a formal review of her driver's license suspension and a hearing was conducted by a hearing officer. After considering the evidence presented, the hearing officer determined that sufficient cause existed to sustain Dehart's suspension.
Dehart then filed a petition in the circuit court seeking certiorari review of her license suspension. The circuit court granted the petition and quashed the administrative suspension of Dehart's driver's license, ruling that the breath test result affidavit submitted by DHSMV failed to comply with section 316.1934(5) of the Florida Statutes (1999) because, although the statute requires that the date of the performance of the last required maintenance be included in the affidavit, the breath test result affidavit in this case provided the date of the last agency inspection instead. DHSMV challenges this ruling.
In reviewing the final order of the circuit court acting in its appellate capacity, the district court is limited to determining whether the circuit court afforded the parties procedural due process and applied the correct law. See Conahan v. Dep't of Highway Safety and Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993). The circuit court did not apply the correct law when it found that the breath test results were inadmissable.
Section 316.1934(5) of the Florida Statutes (1999), provides in relevant part:
Presumption of impairment; testing methods.
* * *
(5) An affidavit containing the results of any test of a person's blood or breath to determine its alcohol content, as authorized by s. 316.1932 or s. 316.1933, is admissible in evidence under the exception to the hearsay rule in s. 90.803(8) for public records and reports. Such affidavit is admissible without further authentication and is presumptive proof of the results of an authorized test to determine alcohol content of the blood or breath if the affidavit discloses:
(a) The type of test administered and the procedures followed;
(b) The time of the collection of the blood or breath sample analyzed;

*1081 (c) The numerical results of the test indicating the alcohol content of the blood or breath;
(d) The type and status of any permit issued by the Department of Law Enforcement which was held by the person who performed the test; and
(e) If the test was administered by means of a breath testing instrument, the date of performance of the most recent required maintenance on such instrument.
The Department of Law Enforcement shall provide a form for the affidavit. Admissibility of the affidavit does not abrogate the right of the person tested to subpoena the person who administered the test for examination as an adverse witness at a civil or criminal trial or other proceeding.
The breath test result affidavit which was submitted in this case, when combined with the agency inspection report, shows that DHSMV and the local agency substantially complied with the applicable statutes and rules relating to the inspection and maintenance of the intoxilyzer used for Dehart's breath test. The breath test result affidavit shows that the last agency inspection of the intoxilyzer was conducted one day before Dehart's arrest. The agency inspection report for the intoxilyzer used in connection with Dehart's arrest indicates that the intoxilyzer complied with the agency inspection standards and that the agency inspector performed required maintenance on the intoxilyzer one day prior to Dehart's arrest. This proof was sufficient. See Dep't of Highway Safety and Motor Vehicles v. Russell, 793 So.2d 1073 (Fla. 5th DCA 2001); Dep't of Highway Safety and Motor Vehicles v. Cochran, 798 So.2d 761 (Fla. 5th DCA 2001); see also Dep't of Highway Safety and Motor Vehicles v. Nikollaj, 780 So.2d 943 (Fla. 5th DCA 2001) (holding that where driver received adequate notice of the reason for his license suspension, circuit court misapplied the law by elevating form over substance in quashing license suspension).
Our ruling is consistent with State v. Irizarry, 698 So.2d 912 (Fla. 4th DCA 1997), wherein the Fourth District held that a breath test result affidavit prepared for use in accordance with section 316.1934(5) of the Florida Statutes (1999) is admissible in evidence without further proof of proper maintenance. The court found that Form 14, which is the standard form used in preparing a breath test result affidavit, complied with section 316.1934(5) of the Florida Statutes (1999) which allows an affidavit to be admitted without further authentication if the affidavit discloses the enumerated information contained in the statute.
Petition GRANTED, Order QUASHED, and Suspension REINSTATED.
THOMPSON, C.J., and GRIFFIN, J., concur.