798 So.2d 761 (2001)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Jeff A. COCHRAN, Respondent.
No. 5D01-506.
District Court of Appeal of Florida, Fifth District.
August 10, 2001.
Opinion Granting Rehearing in Part October 26, 2001.
*762 Enoch J. Whitney, General Counsel, Tallahassee, and Kathy A. Jimenez, Assistant General Counsel, Miami, for Petitioner.
Warren W. Lindsey of Kirkconnell, Lindsey and Snure, P.A., Winter Park, for Respondent.
SHARP, W., J.
Petitioner State of Florida, Department of Highway Safety and Motor Vehicles, seeks certiorari review of the order of the circuit court, sitting in its appellate capacity, which quashed the suspension of Respondent Jeff Cochran's driver's license. We in turn quash the circuit court's order under review here because it departs from the essential requirements of law.
The facts in this case are not in dispute. On May 21, 2000, a police officer observed Cochran driving erratically and as a result, he conducted a traffic stop. The officer detected signs Cochran was under the influence of alcohol, and he had Cochran perform sobriety tests. Cochran's performance was poor, so the officer arrested him for driving under the influence, read the implied consent warnings and administered breath tests. Cochran's alcohol levels registered .220, .206 and .227. The officer issued Cochran a citation for violating section 316.193, Florida Statutes (1999), pursuant to which Cochran's driving privileges were suspended.
Cochran requested a formal review of his license suspension in accordance with section 322.2615(1)(b)(3), Florida Statutes (1999). At the hearing, the state produced Cochran's DUI citation, his driver's license, the arrest report, the offense incident report, the request for test affidavit, two DUI technicians' reports, the DUI task format/implied consent affidavit, the operations procedures checklist, the intoxilyzer instrument printer cards, the breath test affidavit, the Department annual inspection report, and the agency monthly inspection report.
Cochran objected to the breath test affidavit because it did not contain the date of the last maintenance on the breath test machine. The hearing officer denied the objection. However the circuit court quashed the hearing officer's decision based on the court's prior opinion in Giovanetti v. Dep't of Highway Safety & Motor Vehicles, No. 99-13 (18th Cir. April 6, 2000). In that opinion, the court held that the breath test result affidavit, which was the only evidence in that case of the driver's blood alcohol level, failed to comply with section 316.1934(5), Florida Statutes (1999), because the affidavit did not contain the date of the performance of the most recent maintenance of the breath testing instrument.
In a certiorari proceeding to review an administrative decision, the circuit court's inquiry is limited to whether the administrative agency accorded the parties procedural due process, whether it observed the essential requirement of law, and whether the agency's findings and judgments are supported by competent substantial evidence. See Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000); Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). And in turn, this appellate court is limited in reviewing the circuit court's opinion, to *763 determine whether the circuit court afforded procedural due process and applied the correct law. See Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000). We cannot review the record to determine whether there was competent substantial evidence to support an agency's decision, as that responsibility lies solely with the circuit court. See Dusseau v. Metropolitan Dade County Board of County Commissioners, 794 So.2d 1270 (Fla.2001).
Section 322.2615(7), Florida Statutes (1999) provides that the hearing officer must determine "by a preponderance of the evidence whether or not sufficient cause exists to sustain, amend or invalidate the [license] suspension." The hearing officer must find that the police officer had probable cause to believe the person was driving or in actual physical control of a motor vehicle while under the influence of alcohol or a controlled substance, whether the person was placed under lawful arrest, and whether the person had an unlawful blood alcohol level. See § 322.2615(7)(a), Fla. Stat. (1999). The hearing officer's determination may be conducted based on a review of the reports of the police officer "including documents relating to the administration of a breath test...." See § 322.2615(11), Fla. Stat. (1999).
The circuit court in this case focused solely on the affidavit of the breath test result submitted by the police officer, finding it fatally defective because it did not comply with section 316.1934(5). That statute provides an affidavit containing breath test results is admissible and presumptive proof of the results if it discloses... (e) "the date of performance of the most recent required maintenance on such instrument." Thus, the circuit court concluded there was no competent proof of Cochran's blood alcohol level.
The record in this case indicates that the affidavit in question stated the date of the agency's last inspection of the machine, but not the date of the last required maintenance. The last agency inspection in this case was on April 26, 2000-less than a month before the test. However, an additional document in the record, also submitted to the hearing officer-the alcohol testing program form-indicates the required maintenance was performed on the same day. Further, the sworn arrest report contains the breath test results, as does the incident report and the traffic citation.
We disagree that the possible defect in the affidavit alone is a sound basis to overturn the hearing officer's findings which support the license suspension. The circuit court should have addressed the issue of whether or not there was substantial evidence in the record to support the hearing officer's findings. Here the additional document which clarified that the inspection included maintenance should have sufficed, even if the requirements of section 316.1934(5) apply to such hearings.[1] Further, as described above, there was other evidence presented in the record regarding Cochran's blood alcohol level, including the arrest affidavit and maintenance records. See Department of Highway Safety & Motor Vehicles v. Nikollaj, 780 So.2d 943 (Fla. 5th DCA 2001); Department of Highway Safety & Motor Vehicles v. Perry, 751 So.2d 1277 (Fla. 5th DCA 2000); Department of Highway Safety & Motor Vehicles v. McGill, 616 So.2d 1212 (Fla. 5th DCA), rev. denied, 626 So.2d 206 (Fla.1993).
We conclude that the circuit court erred in overturning the hearing officer based solely on the affidavit form, without determining whether there was competent substantial *764 evidence to sustain the hearing officer's decision. See, e.g., Dusseau. In so doing, the circuit court departed from the essential requirements of law. Accordingly, we grant the petition for writ of certiorari, and remand for a determination of whether there was competent and substantial evidence in the record to sustain the license suspension.
PETITION GRANTED and ORDER QUASHED; REMANDED.
THOMPSON, C.J., and PALMER, J., concur.

ON MOTION FOR REHEARING AND MOTION FOR CLARIFICATION
SHARP, W., J.
We grant respondent's motion for rehearing and clarification of our written opinion in this case in part. The two DUI technicians' affidavits were stricken because they were not in the record on appeal below.
Accordingly, we delete any reference to them in this opinion. However, we affirm the balance of the opinion in toto.
THOMPSON, C.J., and PALMER, J., concur.
NOTES
[1] That provision applies to trials and the admissibility of affidavits as exceptions to the hearsay rule.