COBB, J.
The petitioner, State of Florida, Department of Highway Safety and Motor Vehicles (hereinafter the Department) has petitioned for certiorari review of an order issued by the Circuit Court of Seminole County, acting in its appellate review capacity, which overturned the drivers’ license suspensions of the respondents here, Jeffrey Neff and James Lamb. We grant the petition and quash the order of the circuit court.
In the last six months we have granted certiorari review in cases of this nature on six occasions: Department of Highway Safety & Motor Vehicles v. Lazzopina, 807 So.2d 77 (Fla. 5th DCA 2001); Department of Highway Safety & Motor Vehicles v. Dehart, 799 So.2d 1079, (Fla. 5th DCA 2001); Department of Highway Safety & Motor Vehicles v. Fiorenzo, 795 So.2d 1128 (Fla. 5th DCA 2001); Department of Highway Safety & Motor Vehicles v. Cochran, 798 So.2d 761 (Fla. 5th DCA 2001); Department of Highway Safety & Motor Ve *521 hicles v. Russell, 793 So.2d 1073 (Fla. 5th DCA 2001); Department of Highway Safety & Motor Vehicles v. Mowry, 794 So.2d 657 (Fla. 5th DCA 2001).
The facts of Lamb’s arrest, as adduced at the formal review hearing held pursuant to section 322.2615(l)(b)(3), Florida Statutes, are that he was stopped because he could not maintain a single lane and because he was doing 48 in a 35 mile-per-hour zone. He had the odor of alcohol, his speech was slow, his eyes were glassy and bloodshot, and his pupils were constricted. He performed the field sobriety exercises poorly. His breath test results were .147 and .151. At the hearing a Florida Department of Law Enforcement Inspector, Roger Skipper, testified as did the DUI Technician and Agency Inspector for Seminole County, Keith Betham.
The facts of Neffs arrest are that he was stopped for driving in an erratic manner, weaving, stopping suddenly and accelerating rapidly. He had the odor of alcohol, his speech was thick tongued and slurred, his mouth was dry, and his face appeared flushed. He was unsteady on his feet and performed the field sobriety exercises poorly. He had difficulty maintaining his balance and could not follow instructions. His breath test results were .227 and .221. At the formal review hearing, the arresting officer, Longwood Police Officer Grieb, and a DUI technician, Nelson Wilder, testified, as did Skipper and Betham.
The hearing officers, based upon a preponderance of the evidence, sustained both suspensions. The circuit court granted review and reversed the suspensions. The three grounds upon which it based its decision were:
1.“[T]he hearing officer departed from the essential requirements of law when he upheld the license suspensions despite a lack of evidence that Guth solutions used in the monthly inspections were FDLE-approved.... ”
2. “[T]he breath test results affidavits do not reflect ‘the date of the performance of the most recent required maintenance’ as required by Florida Statute § 316.1934(5).”
3. “[T]he Department failed to present evidence that the inspector was properly qualified to inspect intoxilyzer machines under Rule 11D-8-008 beyond a four-hour course that he took.”
Our jurisdiction to review the action of the circuit court, which is the second tier of certiorari review, is limited to the following inquiry: (1) whether the circuit court afforded procedural due process; and (2) whether the circuit court applied the correct law. See Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000); Florida Power & Light Co. v. City of Dania, 761 So.2d 1089, 1092-93 (Fla.2000); Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
We conclude that the circuit court did not apply the correct law in this case. The first ground utilized by the circuit court has been rejected by our opinions in Russell, Mowry, and Fiorenzo. Ground two was rejected in Dehart, Cochran and Russell. Cochran also held that a single defect is insufficient to overturn the hearing officer’s findings which support the license suspension. Instead, the circuit court is to look at whether there is substantial evidence in the record to support the hearing officer’s findings.
The third point relied upon by the circuit court related to the Department’s supposed failure to present evidence that the inspector, one Keith Betham, was properly qualified to inspect intoxilyzer machines. In regard to this point, the *522 petitioners rely upon our recent opinion in Department of Highway Safety & Motor Vehicles v. Stevens, — So.2d —, 2001 WL 1295265, 26 Fla. L. Weekly D2565 (Fla. 5th DCA Oct. 26, 2001). In that case, Stevens successfully argued to the circuit court on certiorari review that the Department had failed to establish, as an eviden-tiary matter, that the inspector had received a valid permit under the former rules in effect prior to January 1, 1997.
On the other hand, in Lamb’s case, Bet-ham testified that he has been certified by FDLE to conduct inspections of the breath test instruments since 1992, and that since 1992 his certification has never lapsed. He also testified that he took two 4-hour refresher courses. Rule llD-8.008(4) provides that an agency inspector permit must be renewed prior to its expiration and that it shall be renewed upon the successful completion of a training course of no less than 4 hours which is approved by the Department. Keith Betham also explained that, until 1997, there was no agency inspector permit.
Prior to January 1,1997, all breath technicians were trained in inspection and maintenance of the breath test machines. Keith Betham further testified that in 1997, the rules were changed and the permits for breath technician and agency inspector were separated. However, he testified that in order to have an agency inspector permit, one needs a breath technician permit. Therefore, when the rules changed, since Keith Betham already had his breath technician permit, he was only required to take a 4-hour refresher course in order to obtain the agency inspector permit. His testimony was to similar effect in Neffs case. Clearly, Keith Betham was and is properly certified to conduct inspections of breath test instruments.
Accordingly, we grant the petition, quash the order of the circuit court, and reinstate the suspension of the licenses of Neff and Lamb.
PETITION GRANTED.
HARRIS and PALMER, JJ., concur.