SHARP, W., J.
Gurry seeks certiorari review of a circuit court’s appellate decision affirming the Department of Highway Safety’s hearing officer’s final order, which suspended Gurry’s driver’s license for six months. We deny Gurry’s petition because the record demonstrates the circuit court afforded Gurry procedural due process and it applied the correct law. See Haines City Comm. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); Department of Highway Safety and Motor Vehicles v. Perry, 751 So.2d 1277, 1279 (Fla. 5th DCA 2000); Conahan v. Department of Highway Safety and Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993).
Gurry contends that the circuit court departed from the essential requirements of the law in determining:' 1) there was competent, substantial evidence to support the suspension; 2) Gurry was on notice as to the reason for her license suspension prior to the hearing; and 3) Gurry’s rights were not violated because the hearing officer was not an attorney.
The record demonstrates that on February 4, 2004, Gurry was stopped by a police officer for failing to stop at a stop sign. The officer suspected, from a strong smell of alcohol on her breath, her slurred speech and glassy, bloodshot eyes that she was alcohol impaired. Gurry performed poorly on field sobriety tests. She was arrested and transported to a chemical testing facility. Two breath tests were administered, with results of .197 and .184.
The officer issued Gurry a citation, which included some irregularities: 1) no signature by Gurry; 2) no indication where Gurry could go to seek a review of her license suspension; and 3) no indication of whether her license suspension was based on a failure to submit to a breath test or based on driving with an unlawful blood-alcohol level. Her license was surrendered.
Gurry requested a formal review hearing of her license suspension. At the hearing, the traffic citation issued to Gurry and two copies of inspection reports on the intoxilyzer # 66-002713 used to test her after her arrest, dated January 28, 2004 and February 25, 2004, were admitted in evidence. She challenged the two inspection reports because they did not contain the handwritten signature of Betham, the inspector. His name appeared in the signature area, in special italic print, as well as being typed in the blank provided for identification of the inspector. She also asserted she lacked notice of the grounds for the license suspension because the citation failed to indicate the reason for the suspension. In addition, Gurry challenged the hearing officer’s qualifications to preside because he is not an attorney. The hearing officer rejected Gurry’s challenges and upheld the license suspension.
Gurry then sought certiorari review in the circuit court, pursuant to section 322.2615(13), Florida Statutes. The circuit court upheld the hearing officer’s determination that the inspection reports constituted competent, substantial evidence because they are self-authenticating and require no handwritten signature. It also upheld the hearing officer’s determination that Gurry had actual notice of the basis for the license suspension. In addition, the court rejected Gurry’s claim that her due process rights were violated be *884 cause the hearing officer was not an attorney.
We agree with the circuit court that the inspection reports are in substantial compliance with the Florida Administrative Code Rule 11D-8.006, even though inspector Betham' failed to physically sign the reports. The Rule does not require an actual handwritten signature and Gurry failed to introduce any evidence that Bet-ham did not approve the reports or intend the special italic print to be his “mark” or signature.
Florida Administrative Code Rule 11D-8.006(1), provides:
(1) Evidentiary breath test instruments shall be inspected by an agency inspector at least once each calendar month. The agency inspection shall be conducted in accordance with Agency Inspection Procedures FDLE/ATP Form 16 — Rev. March 2004 for the Intoxilyzer 5000 Series, or Agency Inspection Procedure— Intoxilyzer 8000 FDLE/ATP Form 39— March 2004 for the Intoxilyzer 8000.
The machine used in this case was an intoxilyzer 5000 series instrument. The required Form 16 provides all results and all other requested information shall be recorded on FDLE/ATP Form 24. Form 24, in turn, contains a signature line and a name line.
Section 316.1934(5), Florida , Statutes, provides:
(5) An affidavit containing the results of any test of a person’s blood or breath to determine its alcohol content, as authorized by s. 316.1932 or. s. 316.1933, is admissible in evidence under the exception to the hearsay rule.... Such affidavit is admissible without further authentication and is presumptive proof of the results of an authorized test to determine alcohol content of the blood and breath if the affidavit discloses:
(e) If the test was administered by means of a breath testing instrument, the date of performance of the most recent required maintenance on such instrument.
As noted above, the inspection reports in this case reflect inspection dates that comply with the rule and statutes. The inspection reports were attached to an affidavit executed by the officer who administered the breathalyzer tests.
Once an affidavit containing the required information is placed in evidence, as occurred in this case, a presumption of proof arises as to the results of the test. See Department of Highway Safety and Motor Vehicles v. Alliston, 813 So.2d 141 (Fla. 2d DCA 2002), rev. denied, 835 So.2d 269 (Fla.2002). At that point, the burden shifts from the Department to the party challenging the license suspension to disprove the presumption of impairment. Gurry failed to carry this burden. Failure to comply with the rules and statutes because the intoxilyzer inspector did not hand-sign the report, was insubstantial and without merit. See Department of Highway Safety and Motor Vehicles v. Mowry, 794 So.2d 657 (Fla. 5th DCA 2001); Department of Highway Safety and Motor Vehicles v. Russell, 793 So.2d 1073 (Fla. 5th DCA 2001).
Although lack of notice of the reason for license suspension may be grounds to overturn a license suspension,[1] in this case the circuit court determined *885 that Gurry had actual notice. Once a defendant requests a hearing from the Department, the Department has jurisdiction to conduct the hearing and the issue becomes whether or not the defendant had actual notice of the suspension and the basis for it. Department of Highway Safety and Motor Vehicles v. Nikollaj, 780 So.2d 943 (Fla. 5th DCA 2001).
The citation indicated Gurry’s license was suspended for a violation of section 322.2615, Florida Statutes. That statute provides suspension shall be pursuant to either the driver refusing to submit to a lawful breath, blood or urine test, or a violation of section 316.193, driving with an unlawful blood alcohol level. The citation did not indicate which of the two basis for suspension were intended, and Gurry’s request for a formal review by the Department indicated the reason was “DUBAL or Refusal.” However, after reviewing the transcript of the hearing and the documentation, the circuit court concluded that Gurry was aware that the reason for her suspension was driving with an unlawful blood alcohol level. The court also noted that Gurry was given fifty-two days between her first and second hearing, for preparation. Based on this record, Gurry failed to show error or prejudice.
We also agree with the circuit court that Gurry’s final argument that the hearing officer had to be a lawyer is without merit. There is no statutory or constitutional requirement, that we are aware of, that requires hearing officers for the Department be attorneys. Section 322.2615(6)(b), Florida Statutes, provides: “Such formal review hearing shall be held before a hearing officer employed by the department, and the hearing officer shall be authorized to administer oaths.... ” While training in the law may be a prudent requirement for hearing officers, the statute only requires that hearing officers remain impartial and base their decisions on the preponderance of the evidence. See generally, Department of Highway Safety and Motor Vehicles v. Pitts, 815 So.2d 738 (Fla. 1st DCA 2002). The determination of what kinds of training or degrees the Department’s hearing officers must have is a matter best left to the Department’s discretion, or the mandate of the Legislature.
Petition for Writ of Certiorari DENIED.
THOMPSON and MONACO, JJ„ concur.

. See Seefelt v. Department of Highway Safety and Motor Vehicles, No. 98-2 (Fla. 18th. Cir. Ct.1998).