SAWAYA, J.
The Department of Highway Safety and Motor Vehicles (“the Department”) petitions this court for certiorari review of a circuit court order quashing the decision of an administrative hearing officer that sustained the driver’s license suspension of Respondent, Gary Berne, after he was arrested for driving under the influence of alcohol in violation of section 316.193, Florida Statutes (2005). We grant the Petition and quash the circuit court order.
After he was arrested for driving under the influence of alcohol, Berne submitted to a breath test on the Intoxilyzer 8000 utilizing 8100.26 software. The test results revealed a blood alcohol level in excess of 0.08. As a result, Berne’s driver’s license was administratively suspended. Berne subsequently requested and received a formal review hearing pursuant to section 322.2615(6)(a), Florida Statutes (2005). The facts of the underlying events that lead to Berne’s arrest and driver’s license suspension are clearly explained in the hearing officer’s order sustaining the administrative suspension, and so we will parrot them here.
On July 14, 2006, Trooper Hawkins, of the Florida Highway Patrol, was dispatched to a crash involving Mr. Berne. After completing the crash investigation, Trooper Hawkins read Mr. Berne his Miranda Rights at which time he admitted to driving the vehicle that was involved in the crash. Trooper Hawkins detected the following: the odor of alcohol emitting from his breath, he swayed while standing, and his speech was slurred. Mr. Berne admitted to consuming two glasses of wine prior to driving.
Mr. Berne consented to the following field sobriety exercises: Horizontal Gaze Nystagmus, walk and turn, finger to nose, and one leg stand. Mr. Berne did not maintain his balance nor follow instructions throughout.
Mr. Berne was placed under arrest for DUI and transported to the Orange County DUI Breath Testing Center. Mr. Berne submitted samples of .137 and .131. Mr. Berne’s privilege to operate a motor vehicle was suspended for six months for driving with an unlawful alcohol level.

CONCLUSIONS OF LAW AND FACT

1. The arresting law enforcement officer did have probable cause to be *781 lieve that you were driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances.
2. You were lawfully arrested and charged with a violation of section 316.193, Florida Statutes.
3. You did have an unlawful alcohol level of .08 or higher.
Based upon the above findings of fact and the conclusions of law, the hearing officer concludes that your driving privilege was properly suspended and is sustained effective October 24, 2006. Your suspension is for a period of six months effective July 14, 2006 to expire January 13, 2007. Florida law requires that you surrender all driver licenses. If you have a license in your possession, please mail it to the address listed above.
We note, parenthetically, that the hearing officer complied with the proper scope of review. See § 322.2615(7)(a), Fla. Stat. (2005); see also Dep’t of Highway Safety & Motor Vehicles v. Mowry, 794 So.2d 657, 658 (Fla. 5th DCA 2001).
Dissatisfied with the hearing officer’s order, Berne availed himself of the right to have that decision reviewed by filing a petition for writ of certiorari in the circuit court. It is the third finding and conclusion made by the hearing officer — that Berne had a blood alcohol level of .08 or higher — that prompted the circuit court to grant the petition and quash the suspension order. The circuit court explained in pertinent part:
[T]he Petitioner argues that the breath test results obtained from him were not properly approved since they were obtained by use of a breath testing machine that had not been properly approved pursuant to F.D.L.E. Rule 11D-8.003. Under Florida’s “Implied Consent Law,” only approved breath testing machines may be used to establish impairment, and Florida Administrative Code Rule 11D-8.003 establishes the procedures for the approval of such machines. State v. Muldowny, 871 So.2d 911, 913 (Fla. 5th DCA 2004). In order for an analysis of a person’s breath to be considered valid, the State must show that it was performed substantially according to the methods approved by the Department as reflected in the administrative rules and statutes. Dep’t of Highway Safety & Motor Vehicles v. Russell, 793 So.2d 1073, 1075 (Fla. 5th DCA 2001).
[[Image here]]
The Respondents counter the Petitioner’s claims by asserting that they complied with all applicable FDLE regulations in the use and inspection of the breath testing machine. Specifically, the Respondents claim that the “breath test results are admissible if evidence of the following is provided by the Department: (1) the breath test was performed substantially in accordance with [FDLE] rules, with an approved machine and by a qualified technician; and (2) the machine has been inspected in accordance with [FDLE] rules to assures it accuracy.” State v. Donaldson, 579 So.2d 728, 729 (Fla.1991). The Respondent refers to the Breath Alcohol Test Affidavit, the Agency Inspection Report, and the Department Inspection Report in order to demonstrate compliance with the FDLE rules and the requirements set out in Donaldson.
[[Image here]]
Whether or not the Petitioner’s breath wjas tested on an approved device is at the heart of the instant case. Despite the Petitioner’s best efforts, the hearing officer failed to consider the discrepancies and problems presented in the In-toxilyzer approval studies performed in *782 April and May of 2002. Competent substantial evidence existed to demonstrate that these approval studies did not comply with the requirements of FDLE Rule 11D-8.003 and FDLE Form 34, as argued by the Petitioner and noted by the en banc panel in the Atkins [State v. Atkins, 16 Fla. L. Weekly Supp. 251a (Fla. Orange Cty. Ct. June 20, 2008) ] case. Without independent scientific evidence demonstrating the reliability of the Intoxilyzer 8000 with software version 8100.26, the hearing officer should have excluded the Petitioner’s breath test results.
Absent any controlling authority on this point from the Fifth District Court of Appeal, we find that en banc panel’s decision in the Atkins case to be well .reasoned and highly persuasive. In this specific case, the Petitioner rebutted the presumption that the Department complied with the applicable rules and regulations, and the Respondent failed to adequately meet their burden of demonstrating substantial compliance. By failing to do so, this Court finds a reversible error and grants the petition for writ of certiorari.
Our certiorari review of this decision is limited to whether the circuit court afforded procedural due process and applied the correct law. See Dep’t of Highway Safety & Motor Vehicles v. Patrick, 895 So.2d 1131, 1133 (Fla. 5th DCA 2005); Dep’t of Highway Safety & Motor Vehicles v. Perry, 751 So.2d 1277, 1279 (Fla. 5th DCA 2000); Conahan v. Dep’t of Highway Safety & Motor Vehicles, 619 So.2d 988, 989 (Fla. 5th DCA 1993).
In a formal review hearing,; the Department is only required to establish an unlawful blood-alcohol level by a preponderance of the evidence. § 322.2615(7)(a)3., Fla. Stat. (2005); Mowry, 794 So.2d at 658. In order to be admissible, the Department must establish that the breath test administered to determine the blood-alcohol level was performed substantially according to the pertinent statutes and the methods approved by the Florida Department of Law Enforcement (“FDLE”), which are promulgated in the Florida Administrative Code. § 316.1932(1)(b)2., Fla. Stat. (2005); see also Dep’t of Highway Safety & Motor Vehicles v. Alliston, 813 So.2d 141, 144 (Fla. 2d DCA), review denied, 835 So.2d 269 (Fla.2002); Dep’t of Highway Safety & Motor Vehicles v. Russell, 793 So.2d 1073, 1075 (Fla. 5th DCA 2001); State v. Friedrich, 681 So.2d 1157, 1163 (Fla. 5th DCA 1996). FDLE has adopted rules implementing the implied consent law in Chapter 11-D, Florida Administrative Code. Fla. R. Admin. Code R. 11D-8; Lanoue v. Florida Dep’t of Law Enforcement, 751 So.2d 94, 98 (Fla. 1st DCA 1999); Friedrich at 1159. Specifically, rules 11D-8.002 through 8.007 incorporate FDLE’s approved techniques and methods and govern how the breath testing machines must be approved, maintained, and tested. FDLE has also promulgated forms for use in implementing the implied consent law. Fla. R. Admin. Code R. 11D-8.017.
Section 322.2615(11), Florida Statutes (2005), specifically provides that the formal review hearing may be conducted by the hearing officer based upon a review of the documents relating to the administration of the breath test. See also Alliston. In order to meet its burden of proof, the Department introduced a Breath Alcohol Test Affidavit containing the results of Berne’s breath test administered on the Intoxilyzer 8000, an Agency Inspection Report, and a Department Inspection Report.
These documents contained all of the statutorily required information necessary under section 316.1934(5), Florida Statutes (2005), to admit the affidavit con *783 taining the breath test results into evidence and to establish that the Intoxilyzer 8000 used for Berne’s test was properly inspected and maintained, that it performed appropriately, and that it produced accurate and reliable test results. See, e.g., Dep’t of Highway Safety & Motor Vehicles v. Dehart, 799 So.2d 1079, 1081 (Fla. 5th DCA 2001) (“The breath test result affidavit which was submitted in this case, when combined with the agency inspection report, shows that DHSMV and the local agency substantially complied with the applicable statutes and rules relating to the inspection and maintenance of the intoxilyzer used for Dehart’s breath test.”); Russell, 793 So.2d at 1076 (“When the breath test result affidavit is considered together with the agency inspection report, it is clear that both the inspection and the required maintenance of the machine were performed ... in substantial compliance with the applicable statutes and rules.”).
Once admitted, the affidavit “is presumptive proof of the results of an authorized test to determine alcohol content of the blood or breath....” § 816.1934(5), Fla. Stat. (2005); see also § 316.1934(2)(c), Fla. Stat. (2005) (providing that an individual’s test result of 0.08 or higher is prima facia evidence that the person was impaired); Gurry v. Dep’t of Highway Safety, 902 So.2d 881, 884 (Fla. 5th DCA 2005); Alliston at 142; Mowry at 659; Russell at 1076. After the affidavit is admitted, the burden shifts from the Department to the party challenging the license suspension to overcome the presumption of impairment.
Berne attempted to overcome the presumption of impairment by presenting evidence that the Intoxilyzer 8000 devices used in Florida, including the device that was used for his test, utilize the 8100.26 software, which is a version of software that he claims has “never been subjected to an approval study required under FDLE Rule 11D-8.003.” He, therefore, argues that the Intoxilyzer 8000 devices in Florida that are now using this version of software are not approved devices as required under the rule. The circuit court accepted that argument. Specifically, the circuit found that Berne “met his ... burden of rebutting the presumption created by the Department’s documentary evidence that it substantially complied with the rules governing the approval of the breath testing instrument.” Hence, the circuit court held that “without independent scientific evidence demonstrating the reliability of the Intoxilyzer 8000 with software version 8100.26, the hearing officer should have excluded the Petitioner’s breath test results.” In holding that In-toxilyzers utilizing this version of software are not approved devices, the circuit court applied the wrong law.
Florida Administrative Code Chapter 11D-8 was amended on November 5, 2002, to specifically add the CMI, Inc. Intoxilyzer 8000 as an approved breath test instrument for evidentiary use in Florida. That chapter was again amended in 2004 to address approval of breath testing instruments. Rule 11D-8.003, titled “Approval of Breath Test Methods and Instruments,” provides in pertinent part:
(1) [FDLE] has approved the following method(s) for evidentiary breath testing: Infrared Light Test, also known as Infrared Light Absorption Test.
(2) [FDLE] approves breath test methods and new instrumentation to ensure the accuracy and reliability of breath test results. [FDLE] has approved the following breath test instrumentation for evidentiary use.... CMI, Inc. Intoxilyzer 8000 using software evaluated by [FDLE] in accordance with Instrument Eyaluation Procedures FDLE/ATP Form 34-Rev. March 2004.
*784 [[Image here]]
(4) [An FDLE] inspection performed in accordance with Rule 11D-8.004, F.A.C., validates the approval, accuracy and reliability of an evidentiary breath test instrument.
(5) [FDLE] shall conduct evaluations for approval of new instrumentation under subsection (2) in accordance with Instrument Evaluation Procedures FDLE/ATP Form 34-Rev. March 2004.
(6) The availability or approval of new instruments, software, options or modifications does not negate the approval status of previously approved instruments, software, options or modifications.
Contrary to the assertions of Berne and the holding of the circuit court, an approval study or “independent scientific evidence demonstrating the reliability of the Intoxilyzer 8000 with software version 8100.26” is not required by the rule. The rule specifically provides that the Intoxi-lyzer 8000 is an approved instrument if it is used with software evaluated by FDLE in accordance with Instrument Evaluation Procedures FDLE/ATP Form 34. Roger Skipper, a Department Inspector for FDLE, testified during the hearing that an approval study with the 8000.26 software was not required by the rule and specifically testified that only an evaluation was necessary. He also testified that a proper evaluation had been conducted with the 8100.26 version of software, and the Department specifically points to the evaluation conducted on January 4, 2006, in accordance with the rule and Form 34. Thus, the Intoxilyzer 8000 is an approved device in Florida and the software 8100.26 version was evaluated. Finally, paragraph 6 specifically provides that a new software version does not negate the prior approval of an instrument.
We conclude that the documents introduced into evidence at the hearing revealed that Berne had a blood-alcohol level in excess of 0.08, which raises the presumption that Berne was driving while under the influence of alcohol to the extent that his normal faculties were impaired. Those documents, including the affidavit, were properly admitted into evidence. This shifted the burden to Berne to overcome the presumption by showing that the pertinent statutes and the methods approved by FDLE that are incorporated into the administrative rules were not substantially complied with. Instead, Berne attacked the approval of the Intoxilyzer 8000 because it incorporated a version of software that had not been approved, when all that is required under the rule is an evaluation. Berne failed to meet his burden of overcoming the presumption of impairment, and the circuit court applied the wrong law in quashing the administrative order affirming the suspension of Berne’s license. Indeed, the circuit court order clearly indicates that absent an opinion from this court, the circuit court will continue to apply the wrong law in future cases of administrative license suspensions involving breath tests administered on the Intoxilyzer 8000. Accordingly, we grant the petition and quash the order under review.[1]
*785 WRIT GRANTED; ORDER QUASHED.
EVANDER and JACOBUS, JJ., concur.

. This court and others have rendered numerous decisions that have granted petitions for certiorari under similar circumstances. See Department of Highway Safety and Motor Vehicles v. Falcone, 983 So.2d 755, 756 (Fla. 2d DCA 2008); Dep’t of Highway Safety & Motor Vehicles v. Patrick, 895 So.2d 1131, 1133 (Fla. 5th DCA 2005); Alliston at 143-44; Dep't of Highway Safety & Motor Vehicles v. Lazzopina, 807 So.2d 77, 77 (Fla. 5th DCA 2001); Dep't of Highway Safety & Motor Vehicles v. Neff, 804 So.2d 519, 520 (Fla. 5th DCA 2001); Dehart at 1080; Dep't of Highway Safety & Motor Vehicles v. Cochran, 798 So.2d 761, 762 (Fla. 5th DCA 2001); Mowry at 658; Russell, 793 So.2d at 1076; see also State *785 Farm Florida Ins. Co. v. Lorenzo, 969 So.2d 393, 398-99 (Fla. 5th DCA 2007) ("Moreover, we note the error could have a pervasive, widespread effect in other proceedings.”).