PER CURIAM.
Petitioner, Department of Highway Safety and Motor Vehicles (“the Department”), seeks second-tier certiorari review of the circuit court’s order quashing the decision of an administrative hearing officer that sustained the driver’s license suspension of Respondent, Gino Dellacava, after he was arrested for driving under the influence of alcohol. We grant the petition and quash the circuit court’s order.
In 2010, Dellacava was arrested for driving under the influence of alcohol. Upon arrest, Dellacava submitted to a breath test on the Intoxilyzer 8000 utilizing software version 8100.27. The test results revealed that Dellacava’s breath-alcohol level was 0.08 or higher. As a result, his driver’s license was suspended pursuant to section 322.2615(l)(a), Florida Statutes (2009). Dellacava then requested a formal administrative review of the suspension pursuant to section S22.2615(l)(b)3., Florida Statutes. At the administrative hearing, Dellacava argued that the Intoxilyzer 8000 utilizing software version 8100.27 was not properly approved for use in Florida. The hearing officer determined by a preponderance of the evidence that sufficient cause existed to sustain Dellacava’s suspension.
Dellacava sought certiorari review of the hearing officer’s finding in the circuit court. Although Dellacava raised numerous arguments in his petition, only one argument is pertinent to the disposition of this petition. Again, Dellacava argued the Intoxilyzer 8000 utilizing software version 8100.27 was not approved for use in Florida. In its response, the Department relied on Department of Highway Safety & Motor Vehicles v. Berne, 49 So.3d 779 (Fla. 5th DCA 2010), in which this Court held that the administrative rule governing breath test machines required only that software be evaluated by the Florida Department of Law Enforcement rather than be subject to an approval study. See id. at 784. In his reply to the response to the petition, Dellacava argued that the Intoxi-lyzer 8000 software used in Berne was version 8100.26, whereas the software used in his case was version 8100.27. Dellacava then argued for the first time in his reply that the record did not establish that software version 8100.27 had been evaluated.
The circuit court granted the petition for writ of certiorari, stating:
In order to meet petitioner’s allegation that the Intoxilyzer 8000 utilized herein is not an approved instrument the department has cited the case of Department of Highway Safety and Motor Vehicles [v. Berne], 49 So.3d 779 ( *236 [Fla. 5th DCA] 2010), rev. denied, [84 So.3d 257], 37 Fla. L. Weekly S161 (Fla.2012), which reversed the Circuit Court of Orange County and held that the Intoxilyzer 8000 was an approved instrument if it is used with software evaluated by FDLE in accordance with Instrument Evaluation Procedures FDLE/ ATP Form 34; however, that case also held that the record before the department hearing officer included testimony from a department inspector for FDLE that the Software version 8100.26 used with that particular intoxilyzer machine had been properly evaluated in accordance with the rule. Here the record is devoid of any evidence that the Software version 8100.27 used in conjunction with this Intoxilyzer 8000 machine has been similarly evaluated by the Florida Department of Law Enforcement. The result is a depravation of procedural due process from the lack of any evidence in the record from which the hearing officer could have concluded that the test offered was in compliance with the statute.
The Department sought second-tier certiorari review, arguing it had been denied due process when the circuit court granted the petition for writ of certiorari on an issue that was not raised in the petition filed in the circuit court or otherwise briefed below. We agree.
When a party seeks review of the circuit court’s ruling on an administrative action, the district court conducts what is known as “second-tier” review and must determine “[1] whether the circuit court afforded procedural due process and [2] applied the correct law.” Broward Cnty. v. G.B.V. Int’l, Ltd., 787 So.2d 838, 843 (Fla.2001) (quoting City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982)). Here, the Department was denied due process when the circuit court granted certio-rari relief on an issue raised for the first time in Dellacava’s reply, as the Department lacked an opportunity to respond to the new argument. J.A.B. Enters. v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992) (“[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.”); see also United Auto. Ins. Co. v. Hollywood Injury Rehab Ctr., 27 So.3d 743, 744 n. 1 (Fla. 4th DCA 2010) (noting issue raised for first time in reply brief during certiorari proceedings will not be considered); Fla. R.App. P. 9.210(d) (“The reply brief shall contain argument in response and rebuttal to the argument presented in the answer brief.”).[1]
PETITION GRANTED; ORDER QUASHED.
ORFINGER, C.J., COHEN and BERGER, JJ., concur.

. We also note that an attachment to Dellaca-va's response to the petition refutes his claim that the software has not been evaluated. Dellacava attached a transcript from an unrelated hearing during which Roger Skipper, an inspector for FDLE, testified that software version 8100.27 was evaluated in October 2006.