WALLIS, J.
Petitioner, Department of Highway Safety and Motor Vehicles (“DHSMV’), petitions for certiorari review of the circuit court’s order, which quashed DHSMVs order suspending respondent Craig Robert Wiggen’s driver’s license. The circuit court, acting in its appellate capacity, departed from the essential requirements of law by quashing DHSMVs order. Ac *774 cordingly, we grant the petition for certio-rari and quash the circuit court’s order setting aside the suspension of Wiggen’s driver’s license.
On November 26, 2011, Deputy Kaphan, a member of the Flagler County Sheriffs Office, responded to a vehicle parked with its headlights off at an intersection of two roads. Kaphan found Wiggen sleeping in the driver’s seat of the vehicle with the keys in the ignition, which was in the on position. Wiggen submitted to a breath test, which was conducted twice on a specific breath-alcohol testing device (the “Device”). The two test results indicated that Wiggen had a breath-alcohol level of 0.161 and 0.163, respectively, over twice the legal limit. Kaphan arrested Wiggen for driving under the influence.
DHSMV administratively suspended Wiggen’s driver’s license for six months under section 322.2615(l)(a), Florida Statutes (2011). Wiggen requested a formal administrative review before a DHSMV hearing officer under section 322.2615(l)(b)(3), Florida Statutes (2011). At the hearing, the hearing officer considered the testimony of several witnesses and documentary evidence submitted by the parties. These documents included, among others: an affidavit of probable cause and a breath test affidavit signed by Kaphan, registration documents for the Device, and the agency inspection reports for the Device.
Deputy Biss, the officer who performed the agency inspections of the Device, testified about the inspection procedures required under state law. Under Florida Administrative Code Rule 11D-8.006 (2011), breath-alcohol test devices must be inspected by an agency inspector at least once a month, in accordance with established inspection procedures, to assure that the devices are in compliance with Florida Department of Law Enforcement (“FDLE”) rules and regulations. Additionally, the Device and identical models are designed to perform a self-diagnostic check both before and after each test. The breath test affidavit showed that the self-diagnostic checks performed before and after Wiggen’s test indicated that the Device was functioning properly. The agency inspection records produced at the hearing showed that the Device passed an inspection on October 30, 2011, but failed the subsequent inspection on November 30, 2011 — four days after Wiggen’s breath-alcohol test. During Biss’s testimony, he explained that the Device did not fail the November inspection; rather, the inspection falsely indicated a failure as a result of Biss’s lack of experience and consequent error during the inspection. He provided a detailed technical explanation of the reasons for the false failure result. Biss testified that he had not performed many device inspections as of November 30, 2011, and that the November inspection was the first inspection of the Device he performed without assistance from a more experienced deputy.
Andy Cospito, an expert witness on maintenance and inspection of breath-alcohol testing devices, also testified at the hearing. Cospito stated that in his expert opinion, because the Device passed the October 30, 2011 inspection but failed the November 30, 2011 inspection, all of the testing results between November 1 and 30, 2011, were invalid.
The hearing officer concluded that there was sufficient evidence to sustain the driver’s license suspension and entered an order upholding DHSMV’s suspension order. Wiggen filed a petition in the circuit court seeking certiorari review of DHSMV’s order. The circuit court issued an order denying the petition for writ of certiorari and upholding Wiggen’s license suspension, finding that there was competent, *775 substantial evidence to support the hearing officer’s conclusion. Wiggen filed a motion for rehearing. A different circuit court judge granted the motion for rehearing and reversed DHSMV’s suspension of Wiggen’s license. The circuit court ruled that after Wiggen produced evidence that the Device failed its agency inspection four days after Wiggen’s test, the burden shifted to DHSMV “to show that the test on the day in question, run just a few days before the [Device] became inoperative, produced accurate and reliable results.” The circuit court opined that DHSMV “presented no such testimony or evidence.” DHSMV filed this appeal after the circuit court denied a motion for rehearing.
Where a district court reviews the decisions of a circuit court—acting in its appellate capacity—certiorari review “is limited to those instances where the lower court did not afford procedural due process or departed from the essential requirements of law.” Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) (citing Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 526 (Fla.1995)).
Under Florida law, upon a timely request for formal review by the driver subject to a license suspension, DHSMV is tasked with conducting a formal administrative review of the license suspension. Fla. Admin. Code R. 15A-6013 (2011). These hearings are presided over by a hearing officer, who is tasked with the responsibility of “determining] whether the suspension ... is supported by a preponderance of the evidence.” Fla. Admin. Code R. 15A-6013 (2011); see also § 322.2615(7), Fla. Stat. (2011). If the driver’s license was suspended as a result of a breath-alcohol test indicating the driver was impaired, the scope of the hearing officer’s review is limited to determining:
1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of a motor vehicle in the state while under the influence of alcoholic beverages or chemical or controlled substances.
2. Whether the person whose license was suspended had an unlawful ... breath-alcohol level of 0.08 or higher as provided in s. 316.193.
§ 322.2615(7)(a). DHSMV is only required to establish an unlawful breath-alcohol level by a preponderance of the evidence. For a breath-alcohol affidavit to be admissible, DHSMV must establish: (1) that the breath test was performed substantially in accordance with the methods approved by FDLE, with an approved device by a qualified technician; and (2) that the device has been inspected in accordance with FDLE rules to assure its accuracy. State v. Donaldson, 579 So.2d 728, 729 (Fla.1991); Dep’t of High. Saf. & Motor Veh. v. Berne, 49 So.3d 779, 782 (Fla. 5th DCA 2010); see also § 316.1932(l)(b)(2), Fla. Stat. (2011). Once admitted, the affidavit “is presumptive proof of the results of an authorized test to determine alcohol content of the blood or breath.” § 316.1934(5), Fla. Stat.; see also § 316.1934(2)(c) (providing that a test result of 0.08 or higher is “prima facie evidence” that the person was impaired).
Here, DHSMV established the Donaldson Requirements, rendering the breath-alcohol test affidavit admissible. Once the affidavit was admitted, the burden shifted from DHSMV to the party challenging the suspension, in this case Wiggen, to overcome the presumption of impairment. Berne, 49 So.3d at 783. Contrary to the circuit court’s ruling, the burden did not shift back for DHSMV to reestablish the accuracy of the Device. Wiggen attempted to overcome the presumption of impairment by presenting evidence that the Device failed its monthly *776 inspection only four days after being used to test Wiggen’s breath-alcohol level. However, DHSMV presented evidence that the Device passed its previous monthly inspection and that the self-diagnostic tests performed before and after Wiggen’s breath-alcohol test indicated the Device was functioning properly. Additionally, Biss testified that the Device failed the subsequent inspection due to his own user error and that the Device was actually functioning properly.[1] Given the evidence presented at the hearing, the hearing officer could have concluded that the documentary evidence and testimony presented in the record was sufficient to show that the Device was in compliance with FDLE standards and was operating normally on the day in question. The hearing officer, as the trier of fact, was responsible for resolving any conflicts in the evidence and was free to weigh and reject Wiggen’s argument, as long as that decision was based on competent, substantial evidence. See Cohen v. Sch. Bd. of Dade Cnty., 450 So.2d 1238, 1241 (Fla. 3d DCA 1984).
Consequently, the circuit court exceeded its limited scope of review and departed from the essential requirements of law by reversing the hearing officer’s decision. It was not the circuit court’s task to reweigh evidence presented to the hearing officer, evaluate the pros and cons of conflicting evidence, and reach a conclusion different from that of the agency. We grant the petition for certiorari and quash the circuit court’s order. See, e.g., Dep’t of High. Saf. & Motor Veh. v. Friend, 837 So.2d 1071, 1071-72 (Fla. 1st DCA 2003); Dep’t of High. Saf. & Motor Veh. v. Favino, 667 So.2d 305, 309 (Fla. 1st DCA 1995); Rivera v. Dawson, 589 So.2d 1385, 1388 (Fla. 5th DCA 1991).
PETITION FOR WRIT OF CERTIO-RARI GRANTED; CIRCUIT COURT ORDER QUASHED.
EVANDER and LAMBERT, JJ., concur.

. Contrary to Wiggen's argument, this case is significantly different from the situation in Department of Highway Safety & Motor Vehicles v. Wejebe, 954 So.2d 1245 (Fla. 3d DCA 2007). In Wejebe, unlike the instant case, evidence — including testimony from FDLE— showed that the breath-alcohol testing device had been deemed to be out-of-compliance in other cases, had failed multiple inspections with no explanation for the failures, and had never been taken out of service or repaired.