794 So.2d 657 (2001)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Christina L. MOWRY, Respondent.
No. 5D01-807.
District Court of Appeal of Florida, Fifth District.
July 20, 2001.
Rehearing Denied September 19, 2001.
Enoch J. Whitney, General Counsel, and Kathy A. Jimenez, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Miami, for Petitioner.
Michael J. Snure of Kirkconnell, Lindsey and Snure, P.A., Winter Park, for Respondent.
SAWAYA, J.
The State of Florida, Department of Highway Safety and Motor Vehicles (the Department) seeks certiorari review of the circuit court's order granting a petition for writ of certiorari. That order quashed the Department's order which had suspended the driver's license of respondent Christina L. Mowry (Mowry) for six months based on her arrest for driving under the influence of alcohol (DUI). We grant the petition.
After Mowry was arrested for DUI, she agreed to submit to a breath test which revealed .143 and .137 grams of alcohol per 210 liters of breath, well above the statutory minimum of .08. See § 316.193(1)(c), Fla.Stat. (1999). Accordingly, she was issued a citation for driving with an unlawful blood-alcohol level and her driving privilege was suspended pursuant to section 322.2615(1)(a), Florida Statutes (1999).
Mowry requested and was granted a formal review of her driver's license suspension *658 pursuant to section 322.2615(1)(b)3., Florida Statutes (1999). At such a hearing, if an individual's license is suspended for driving with an unlawful blood-alcohol level in violation of section 316.193, the hearing officer shall determine by a preponderance of the evidence whether sufficient cause exists to sustain the license suspension and the issues shall be limited to 1) whether the arresting officer had probable cause to believe that the individual was driving while under the influence of alcohol; 2) whether the person was lawfully arrested for violation of section 316.193; and 3) whether, pursuant to section 316.193, the person had an unlawful blood alcohol level. § 322.2615(7)(a), Fla. Stat. (1999). Mowry contends that the Department failed to meet its burden of proof regarding the third issue and argues that this court should deny the petition.
At the hearing, no testimony was presented. Thus the hearing officer, pursuant to section 322.2615(11), based his decision on the record evidence which contained, among other documents,[1] the breath test result affidavit made part of the record pursuant to section 322.2615(2). Mowry moved to invalidate the license suspension, arguing there was no evidence to demonstrate compliance with rule 11D-8.0035, Florida Administrative Code, which concerns Department approval of sources for the alcohol reference solution used to test and maintain the Intoxilyzer. The hearing officer ultimately determined that sufficient cause existed to sustain the license suspension and, in its final order of license suspension, suspended Mowry's license for six months.
Mowry then sought certiorari review of the hearing officer's order in the circuit court. In its order granting petition for writ of certiorari, the circuit court concluded that the Department should not have been allowed to benefit from the breath test results because it failed to produce evidence demonstrating that the "monthly maintenance testing performed on the Intoxilyzer was conducted with alcohol reference solution from an approved source."
The standard of certiorari review this court must utilize in reviewing a decision of the circuit court sitting in its appellate capacity is to determine whether the circuit court afforded procedural due process to the litigants and whether the essential requirements of law have been observed. Ivey v. Allstate Ins. Co., 774 So.2d 679 (Fla.2000); Florida Power & Light Co. v. City of Dania, 761 So.2d 1089 (Fla.2000); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Department of Highway Safety & Motor Vehicles v. Perry, 751 So.2d 1277 (Fla. 5th DCA 2000). A finding that the circuit court departed from the essential requirements of law essentially means that the circuit court failed to apply the correct law and that failure resulted in a miscarriage of justice. Ivey.
We conclude that the circuit court departed from the essential requirements of law when it ruled, contrary to the provisions of section 316.1934(5), Florida Statutes, that the hearing officer should not have considered Mowry's breath test results. Ivey; Heggs. The basis for the circuit court's conclusion that breath test results were inadmissible was that the Department failed to produce evidence demonstrating that the monthly maintenance testing performed on the Intoxilyzer was conducted with alcohol reference solution *659 from an approved source, as required by rule 11D-8.0035. However, the fatal error in the circuit court's decision is that under the circumstances, the Department had no such burden of proving compliance with rule 11D-8.0035.
The breath test affidavit is admissible pursuant to section 316.1934(5) which provides as follows:
An affidavit containing the results of any test of a person's blood or breath to determine its alcohol content, as authorized by s. 316.1932 or s. 316.1933, is admissible in evidence under the exception to the hearsay rule in s. 90.803(8) for public records and reports. Such affidavit is admissible without further authentication and is presumptive proof of the results of an authorized test to determine alcohol content of the blood or breath if the affidavit discloses:
(a) The type of test administered and the procedures followed;
(b) The time of the collection of the blood or breath sample analyzed;
(c) The numerical results of the test indicating the alcohol content of the blood or breath;
(d) The type and status of any permit issued by the Department of Law Enforcement which was held by the person who performed the test; and
(e) If the test was administered by means of a breath testing instrument, the date of performance of the most recent required maintenance on such instrument.
§ 316.1934(5), Fla. Stat. (1999).
We find that the breath test result affidavit in the instant case contains all the information required by the statute and, therefore, Mowry's breath test results constitute "presumptive proof" of her impairment "without further authentication" of the affidavit. The plain language of the statute makes it clear that there is no burden upon the Department to produce evidence that the monthly maintenance on the Intoxilyzer was conducted with alcohol reference solution from an approved source in compliance with rule 11D-8.0035 in order to establish a prima facie case for license suspension. See State v. Irizarry, 698 So.2d 912 (Fla. 4th DCA 1997) (holding that a breath test result affidavit was admissible in evidence without the state having to provide independent proof of the proper maintenance of the Intoxilyzer). Since the burden is not on the Department, and in light of the fact that a license suspension proceeding is civil in nature, the burden fell upon Mowry to come forward with evidence of noncompliance, much as the proponent of an affirmative defense must come forward with evidence in other types of civil proceedings. Placing the burden upon her does not offend notions of due process because of the civil nature of a license suspension proceeding and because the Department is only required to establish that the individual had an unlawful blood-alcohol level by a preponderance of the evidence. § 322.2615(7), Fla. Stat. (1999).
If Mowry wished to meet her burden of establishing noncompliance with the regulations by the Department, she could have, pursuant to section 322.2615(6)(b), subpoenaed the breath test technician and Intoxilyzer documents. She chose not to do so, however. Without a showing of noncompliance of the regulations by Mowry, her allegations are nothing more than "speculative and theoretical." State v. Friedrich, 681 So.2d 1157, 1163 (Fla. 5th DCA 1996), rev. denied, 690 So.2d 1299 (Fla.1997). Under the circumstances of the instant case, it would require considerable speculation to conclude that Mowry was not intoxicated and that the test results were false given the record evidence of her breath tests of .143 and .137, both of which *660 were well above the statutory minimum of.08.
We grant the petition and quash the order rendered by the circuit court.
CERTIORARI GRANTED.
HARRIS and PLEUS, JJ., concur.
NOTES
[1] The other documents contained in the record for consideration by the hearing officer pursuant to rule 15A 6.013(2), Florida Administrative Code, were: 1) the charging affidavit; 2) Intoxilizer printer card; 3) the July 9, 1999 and August 25, 1999 agency inspection reports; 4) Department inspection report; and 5) the DUI citation.