941 So.2d 1247 (2006)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Deborah STENMARK, Respondent.
No. 2D06-2263.
District Court of Appeal of Florida, Second District.
November 17, 2006.
*1248 Judson Chapman, General Counsel, and Jason Helfant, Assistant General Counsel, Department of Highway Safety & Motor Vehicles, Miami, for Petitioner.
Scot E. Samis and Jennifer J. Card of Abbey, Adams, Byelick, Kiernan, Mueller & Lancaster, L.L.P., St. Petersburg, for Respondent.
NORTHCUTT, Judge.
The Department of Highway Safety & Motor Vehicles seeks second-tier certiorari review of a circuit court decision that quashed the suspension of Deborah Stenmark's driver's license. We grant the petition.
Stenmark was stopped and ultimately arrested for driving under the influence. She requested a formal review of the Department's suspension of her driver's license. See § 322.2615, Fla. Stat. (2004). At the hearing, Stenmark challenged the suspension and asserted that the stop was not based on a reasonable suspicion. See § 322.2615(7)(a)(2) (requiring hearing officer to determine whether person was placed under lawful arrest for DUI). The hearing officer considered the following evidence.
Stenmark was arrested at about 2:00 in the morning, shortly after she had stopped her car at a red light. According to Stenmark, she had just come from a fast food restaurant and had spilled food in her lap. She testified that while she waited for the light to change, she tried to clean up the mess. As she did so, she kept looking up to see if the light had turned green. According to the report by a Largo police officer, he saw Stenmark stopped at the intersection and observed her head bobbing up and down. Thinking that Stenmark might have passed out, he approached the car.
The witnesses gave conflicting accounts of what occurred next. Stenmark testified that the light turned green and she began to drive off when someone approached and yelled for her to stop. When she realized that the man yelling at her was a police officer, she stopped her car. At that point, she said, the officer reached into the car and grabbed her keys.
The officer gave the following version:
I exited my vehicle and made my way to the driver's side of the vehicle where I made contact with the driver, who was still passed out. I reached in and attempted to turn the vehicle off. At this time, the driver woke up and the vehicle began drifting into the middle of the intersection. I was able to instruct the driver of the vehicle to place the vehicle into park in order to stop it.
In his order, the hearing officer found: "Officer Martens exited his vehicle and made contact with Ms. Stenmark, who was passed out. Officer [Martens] reached into the vehicle in an attempt to turn it off. Ms. Stenmark woke-up and the vehicle began to drift forward. Officer Martens ordered the vehicle to stop." Based on the findings of fact, the hearing officer ruled that the stop was lawful.
On certiorari review, the circuit court disagreed. Although it quoted the hearing officer's findings verbatim, the circuit court found that Stenmark's innocent explanation for her head bobbing refuted the officer's concern that she was passed out. Thus, the circuit court reasoned, the officer lacked a reasonable basis for conducting a traffic stop. Although we do not disagree with the circuit court's analysis of the law regarding traffic stops, we conclude that the circuit court improperly reweighed the evidence in reaching its decision.
*1249 When reviewing an administrative order by certiorari, the circuit court's task is to determine whether procedural due process was accorded in the proceedings giving rise to the order, whether the essential requirements of law were observed, and whether the administrative findings and judgment were supported by competent substantial evidence. Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla. 1995). But the circuit court is not entitled to reweigh the evidence; it may only review the evidence to determine whether it supported the hearing officer's findings. State, Dep't of Highway Safety & Motor Vehicles v. Porter, 791 So.2d 32, 35 (Fla. 2d DCA 2001). If the circuit court reweighs the evidence, it has applied an improper standard of review, which "is tantamount to departing from the essential requirements of law[.]" Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 845 (Fla. 2001); see also Dep't of Highway Safety & Motor Vehicles v. Kurdziel, 908 So.2d 607 (Fla. 2d DCA 2005) (granting second-tier certiorari relief when circuit court improperly reweighed the evidence).
On second-tier certiorari review, this court may only determine whether the circuit court afforded procedural due process and whether it departed from the essential requirements of law. Haines City Cmty. Dev., 658 So.2d at 530. Here, the circuit court departed from the essential requirements of law by reweighing the evidence. As the circuit court's opinion observed, Stenmark had an innocent explanation for the behavior that drew the officer's attention. But this did not refute the officer's testimony that when he approached to check on Stenmark's safety, he discovered that she was, in fact, passed out behind the wheel of a car that was stopped at an intersection with the motor running. That evidence supported the hearing officer's order. Accordingly, we quash the order on review.
Petition granted; order quashed.
FULMER, C.J., and THREADGILL, EDWARD F., SENIOR JUDGE, Concur.