983 So.2d 755 (2008)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
William FALCONE, Respondent.
No. 2D07-4679.
District Court of Appeal of Florida, Second District.
June 11, 2008.
*756 Judson Chapman, General Counsel, and Jason Helfant, Assistant General Counsel, Miami, for Petitioner.
Melissa A. Loesch and Roger D. Futerman of Law Offices of Roger Futerman & Associates, Clearwater, for Respondent.
Sharon S. Traxler, Assistant General Counsel, Tallahassee, for Amicus Curiae The Florida Department of Law Enforcement.
WHATLEY, Judge.
The Department of Highway Safety and Motor Vehicles (hereinafter the Department) filed this petition for writ of certiorari seeking review of an order of the circuit court sitting in its appellate capacity. The circuit court had granted William Falcone's petition for writ of certiorari, finding that the Department departed from the essential requirements of law in sustaining Falcone's driver license revocation. The circuit court reasoned that Falcone's breath test results were inadmissible at the revocation hearing, because the Department produced no evidence showing that the breath test machine was properly maintained.
"[T]his court's certiorari review is limited to whether procedural due process was accorded and whether the circuit court applied the correct law." Dep't of Highway Safety & Motor Vehicles v. Alliston, 813 So.2d 141, 144 (Fla. 2d DCA 2002). Further, on "second tier" review, such error must violate a clearly established principle of law which results in a miscarriage of justice. Id.; Stilson v. Allstate Ins. Co., 692 So.2d 979, 980 (Fla. 2d DCA 1997).
We conclude that the circuit court applied the incorrect law and grant the Department's petition. Section 316.1934(5), Florida Statutes (2006), provides as follows:
An affidavit containing the results of any test of a person's blood or breath to determine its alcohol content, as authorized by s. 316.1932 or s. 316.1933, is admissible in evidence under the exception to the hearsay rule in s. 90.803(8) for public records and reports. Such affidavit is admissible without further authentication and is presumptive proof of the results of an authorized test to determine alcohol content of the blood or breath if the affidavit discloses:
(a) The type of test administered and the procedures followed;
(b) The time of the collection of the blood or breath sample analyzed;
(c) The numerical results of the test indicating the alcohol content of the blood or breath;
(d) The type and status of any permit issued by the Department of Law Enforcement which was held by the person who performed the test; and
(e) If the test was administered by means of a breath testing instrument, the date of performance of the most recent required maintenance on such instrument.
The circuit court found that the Department did not comply with subsection (e), because there was no evidence establishing the date of the most recent required maintenance on the intoxilyzer at issue, the Intoxilyzer 8000.
In its petition before this court, the Department first argues that it was Falcone's burden to first show that the intoxilyzer was either inaccurate or not *757 properly maintained, and if Falcone had made such a showing, then the burden would have shifted to the Department to prove that the intoxilyzer machine was in compliance with the applicable rules. We note that this argument is substantially correct. As recognized in Department of Highway Safety & Motor Vehicles v. Wejebe, 954 So.2d 1245, 1249 (Fla. 3d DCA 2007):
In the initial instance, DHSMV is not required to prove that the intoxilyzer machine was in compliance. Dep't of Highway Safety & Motor Vehicles v. Mowry, 794 So.2d 657, 659 (Fla. 5th DCA 2001). Instead, the driver has the burden of establishing that the intoxilyzer machine was not in compliance. Id. However, once a driver submits proof that an intoxilyzer machine was not in substantial compliance with the appropriate regulations, DHSMV must prove that there was substantial compliance.
However, section 316.1934(5) requires that the affidavit meet the requirements of subsections (a) through (e) before the affidavit is admissible, and if those requirements are met, the burden then shifts to the driver. See Alliston, 813 So.2d at 144 (noting that section 316.1934(5) provides that the affidavit is admissible without further authentication and is presumptive proof of the results obtained if the affidavit discloses certain required information and that the statutory scheme places the initial burden upon the Department to present the appropriate documents required by statutes and administrative rules; however, once the breath test results are admitted into evidence, the record contains competent, substantial evidence of impairment, and the burden shifts to the driver). Therefore, it was the Department's burden to prove that the requirements of section 316.1934(5) were met before the affidavit was admissible in evidence.
In the present case, the Department met the requirements of section 316.1934(5) by providing documentation establishing the date of performance of the most recent required maintenance on the intoxilyzer. There were three documents submitted at the hearing: the breath alcohol test affidavit; the agency inspection report; and the department inspection report.
The breath alcohol test affidavit states that the date of the last "Agency Inspection" was December 13, 2006.[1] The agency inspection report submitted at the hearing, "FDLE/ATP Form 40," also reflects the inspection date of December 13, 2006.
While section 316.1934(5) refers to "required maintenance" and the above two forms refer to "agency inspection," we note that the term "agency inspection" is defined by the Florida Administrative Code as "the periodic testing of the calibration and operation of a breath test instrument, including all required preventive maintenance, in accordance with Rule 11D-8.006, F.A.C., and performed by a person authorized by the Department." Fla. Admin. Code R. 11D-8.002(5) (emphasis added). The term "maintenance" is referenced no where else in Chapter 11D-8, with the exception of rule 11D-8.004(4), which provides for the employment of department inspectors. Therefore, to the extent that chapter 11D-8 requires maintenance of the intoxilyzer, it is prescribed by rule 11D-8.002(5) and it is performed during the agency inspection.
Further, the agency inspection report filed in this case was completed on the form prescribed by rule 11D-8.006. Rule 11D-8.006 is titled, "Agency Inspection of *758 Breath Test Instruments" and it provides as follows:
Evidentiary breath test instruments shall be inspected by an agency inspector at least once each calendar month. The agency inspection shall be conducted in accordance with Agency Inspection Procedures FDLE/ATP Form 16  Rev. March 2004 for the Intoxilyzer 5000 Series, or Agency Inspection Procedures Intoxilyzer 8000 FDLE/ATP Form 39 Rev. August 2005 for the Intoxilyzer 8000; and the results reported on FDLE/ATP Form 24  Agency Inspection Report  Rev. March 2001 for the Intoxilyzer 5000 Series, or FDLE/ATP Form 40  Agency Inspection Report Intoxilyzer 8000  March 2004 for the Intoxilyzer 8000.
Fla. Admin. Code R. 11D-8.006(1) (emphasis added).
As noted above, "FDLE/ATP Form 40" was submitted at the revocation hearing, evidencing that the required monthly inspection/maintenance was performed on the Intoxilyzer 8000. Therefore, the circuit court applied the incorrect law in determining that the Department did not meet the requirements of section 316.1934(5). See Dep't of Highway Safety & Motor Vehicles v. Dehart, 799 So.2d 1079, 1081 (Fla. 5th DCA 2001) ("The breath test result affidavit shows that the last agency inspection of the intoxilyzer was conducted one day before Dehart's arrest. The agency inspection report for the intoxilyzer used in connection with Dehart's arrest indicates that the intoxilyzer complied with the agency inspection standards and that the agency inspector performed required maintenance on the intoxilyzer one day prior to Dehart's arrest. This proof was sufficient.").
The third document submitted at Falcone's hearing was the "Department Inspection Report" (FDLE/ATP Form 41), which reflects an inspection date of February 15, 2006. The Florida Administrative Code refers to the required yearly inspection of intoxilyzers as a "Department Inspection." Fla. Admin. Code R. 11D-8.004. This rule is titled, "Department Inspection and Registration of Breath Test Instruments" and it provides as follows:
(2) Registered breath test instruments shall be inspected by the Department at least once each calendar year, and must be accessible to the Department for inspection. . . .
(3) Department inspections shall be conducted in accordance with Department Inspection Procedures FDLE/ATP Form 35  Rev. August 2005 for the Intoxilyzer 5000 Series, or Department Inspection Procedures  Intoxilyzer 8000 FDLE/ATP Form 36  Rev. August 2005 for the Intoxilyzer 8000; and the results reported on FDLE/ATP Form 26  Department Inspection Report Rev. March 2004 for the Intoxilyzer 5000 Series, or FDLE/ATP Form 41 Department Inspection Report  Intoxilyzer 8000-Rev. August 2005 for the Intoxilyzer 8000.
Fla. Admin. Code R. 11D-8.004 (emphasis added).
We would note that the Fourth District has recently held that either the agency inspection report or the department inspection report can satisfy the requirements of section 316.1934(5). State v. Buttolph, 969 So.2d 1209, 1211 (Fla. 4th DCA 2007) ("Returning to section 316.1934(5), Florida Statutes, which specifies the `most recent required maintenance,' we conclude that the most recent could be either the monthly, or the annual inspection, if the annual was the most recent."). However, such determination is unnecessary to resolve the present case, because the required monthly inspection was conducted nineteen days before Falcone's breath test.
*759 As this court did in Alliston, 813 So.2d at 145, we conclude that the circuit court's error resulted in a miscarriage of justice requiring certiorari relief because it has precedential value and the circuit court is applying the same error to numerous other administrative proceedings involving the suspension of driver's licenses.
Accordingly, we grant the petition for writ of certiorari and quash the order of the circuit court.
Petition granted.
THREADGILL, EDWARD F., Senior Judge, Concurs.
FULMER, J., Concurs specially.
FULMER, Judge, Specially concurring.
In his dissenting opinion to the circuit court order that is under review in this certiorari proceeding, Judge David Demers provides a lengthy and comprehensive explanation of his disagreement with the circuit court's majority opinion. I agree with his analysis and, therefore, concur in the decision to quash the order of the circuit court.
NOTES
[1] The breath test at issue was conducted on January 1, 2007.