ALTENBERND, Judge.
 

 Sarah Yankey has filed a petition for writ of certiorari seeking to quash a circuit court order denying her certiorari relief from an order by the Department of Highway Safety and Motor Vehicles suspending her license for driving with an unlawful breath-alcohol level. During the administrative proceedings leading up to the final order suspending Ms. Yankey’s license, Ms. Yankey was denied the opportunity to subpoena the agency inspector responsible for maintaining the breath testing equipment used to test her breath-alcohol level. In denying Ms. Yankey’s petition for writ of certiorari, the circuit court concluded that the Department was not authorized to issue such a subpoena. We conclude the
 
 *635
 
 circuit court departed from the essential requirements of the law in interpreting section 322.2615(6)(b), Florida Statutes (2007), to prohibit the Department’s issuance of this subpoena. We therefore grant Ms. Yanke/s petition for writ of certiorari and quash the circuit court’s order.
 

 Ms. Yankey was placed under arrest for driving under the influence of alcohol and agreed to submit to a breath-alcohol test. The results of the test reflected breath-alcohol levels of .158 and .160 grams of alcohol per 210 liters of breath. Ms. Yan-key’s driving privilege was suspended based upon these results.
 

 Ms. Yankey requested a formal administrative review of the suspension.
 
 See
 
 § 322.2615(6). As part of that review, Ms. Yankey asked the Department to issue a subpoena for a specific law enforcement agency employee who had inspected and tested the breath test machine used to test Ms. Yankey’s breath-alcohol level and who had signed the agency inspection report submitted as part of the documentation to support the license suspension. The Department refused to issue this subpoena, asserting that section 322.2615(6)(b) did not authorize it to do so. The formal review hearing was thus held without this witness, and the hearing officer ultimately sustained the administrative license suspension.
 

 Ms. Yankey sought review with the circuit court.
 
 See
 
 § 322.2615(13).
 
 [1]
 
 The circuit court denied the petition, agreeing that section 322.2615(6)(b) did not authorize the issuance of the subpoena to the agency inspector. Ms. Yankey now petitions this court for a writ of common law certiorari, seeking to quash the circuit court order. We conclude the circuit court departed from the essential requirements of the law in holding that section 322.2615(6)(b) did not authorize the Department to issue this subpoena.
 
 [2]
 

 This is a “second-tier” certiorari proceeding, in which we are limited to determining whether the circuit court afforded the parties procedural due process and whether it “applied the correct law” or “departed from the essential requirements of the law.”
 
 See, e.g., Dep’t of Highway Safety & Motor Vehicles v. Stenmark,
 
 941 So.2d 1247, 1249 (Fla. 2d DCA 2006);
 
 see also Dep’t of Highway Safety & Motor Vehicles v. Roberts,
 
 938 So.2d 513 (Fla. 5th DCA 2006). As explained in
 
 Allstate Insurance Co. v. Kaklamanos,
 
 843 So.2d 885, 889 (Fla.2003), second-tier certiorari should not be used simply to grant a second appeal, but should be reserved for those situations when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.
 
 See also Ivey v. Allstate Ins. Co.,
 
 774 So.2d 679, 682 (Fla.2000);
 
 Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 528 (Fla.1995). In this case, we conclude certiorari relief is appropriate because the circuit
 
 *636
 
 court departed from the essential requirements of the law in interpreting section 322.2615(6)(b) to prohibit the issuance of a subpoena for the agency inspector. Moreover, this error results in a miscarriage of justice because it establishes a rule of general application in license suspension hearings within the circuit that may deprive drivers of appropriate process in these administrative hearings.
 
 [3]
 

 Section 322.2615(1) expressly permits a law enforcement officer, on behalf of the Department, to administratively suspend a driver’s license when the person is driving while having an unlawful breath-alcohol level. If an officer does this, section 322.2615(2) requires the officer to forward to the Department, within five days, certain documents supporting the officer’s actions. These documents must include “the results of any breath or blood test.” § 322.2615(2).
 

 Section 322.2615(1)(b)(3) permits a driver whose license has been administratively suspended in this manner to request a formal review hearing. Pursuant to section 322.2615(6)(b):
 

 Such formal review hearing shall be held before a hearing officer employed by the department, and the hearing officer shall be authorized to administer oaths, examine witnesses and take testimony, receive relevant evidence,
 
 issue subpoenas for the officers and witnesses identified in documents in subsection (2),
 
 regulate the course and conduct of the hearing, question witnesses, and make a ruling on the suspension.
 

 (Emphasis added.) “Subsection (2),” as referred to here and as discussed above, refers to documents that the officer who suspended the license must provide to the Department, including “the results of any breath test.” § 322.2615(2).
 

 Section 322.2615(7)(a) explains the tasks then assigned to the hearing officer in such a formal review. The hearing officer must determine two issues by a preponderance of the evidence:
 

 1. Whether the law enforcement officer had probable cause to believe that the person whose license was suspended was driving or in actual physical control of the motor vehicle in this state while under the influence of alcoholic beverages ....
 

 2. Whether the person whose license was suspended had an unlawful ... breath-alcohol level of 0.08 or higher....
 

 Section 322.2615(11) explains:
 

 The formal review hearing may be conducted upon a review of the reports of a law enforcement officer or a correctional officer, including documents related to the administration of a breath test.... However, as provided in subsection (6), the driver may subpoena the officer or any person who administered or analyzed a breath or blood test.
 

 To reiterate, then, in an attempt to keep these various subsections of section 322.2615 straight, subsection (6)(b), as referenced in section 322.2615(11), permits the hearing officer to issue subpoenas “for the officers and witnesses identified in documents in subsection (2).” Subsection (2) refers to those records the officer was required to provide to the Department, including “the results of any breath or blood test.” That is, in a formal review hearing the driver may subpoena those witnesses who are identified in documents submitted by the arresting officer, which
 
 *637
 
 documents include the results of any breath test.
 

 Although section 822.2615(2) requires the officer to submit “breath test results,” it does not indicate the format or information that must be included for these results. It is thus unclear what specific documents are appropriate and constitute “breath test results.” In this case, the officer submitted to the Department documents that included an “agency inspection report — FDLE/ATP FORM 40 — March 2004,” signed by the agency inspector — the person Ms. Yankey sought to subpoena. The question presented here is whether this document is a part of the “breath test results” referred to under section 322.2615(2), thus permitting the Department to issue a subpoena to the agency inspector identified in this report pursuant to section 322.2615(6)(b).
 

 This standardized agency inspection report form was created to implement section 316.1932, Florida Statutes (2007), which is entitled “Tests for alcohol, chemical substances, or controlled substances; implied consent; refusal.” Section 316.1932(1)(a)(2) states that the Alcohol Testing Program within the Department of Law Enforcement “is responsible for the operation, inspection, and registration of breath test instruments utilized under the driving and boating under the influence provisions and related provisions located in this chapter and chapters 322 and 327” and requires the Program to promulgate rules and regulations regarding the testing. Section 316.1932(1)(b)(1) sets forth the proper criteria for measuring blood- and breath-alcohol levels, and (b)(2) provides: “An analysis of a person’s breath,
 
 in order to be considered valid under this section,
 
 must have been performed substantially according to the methods approved by the Department of Law Enforcement.” (Emphasis added.)
 

 The methods approved by the Department of Law Enforcement include Florida Administrative Code rule 11D-8.003, entitled “Approval of Breath Test Methods and Instruments.” This rule states, “A Department inspection performed in accordance with Rule 11D-8.004, F.A.C., validates the approval, accuracy and reliability of an evidentiary breath test instrument.” Rule 11D-8.004, entitled “Department Inspection and Registration of Breath Test Instruments,” states in subsection (1): “The Department shall register and inspect a breath test instrument prior to such instrument being initially placed into evidentiary use by an agency. The inspection validates the instrument’s approval for evidentiary use....” Finally, rule 11D-8.006 requires such breath test instruments to be inspected monthly and specifically requires the use of certain forms for the report, including “FDLE/ATP Form 40.”
 

 Construing these provisions together, under sections 316.1932(1)(a)(2) and (b)(2), a breath test result is valid for purposes of chapter 322, and specifically section 322.2615, if performed substantially according to methods approved by the Department. The Department requires the breath test be conducted on a breath test instrument that has been registered for evidentiary use. Further, the Department requires that instrument to be inspected monthly. Traditionally, then, a practice has been established in which law enforcement routinely provides to the Department a breath alcohol analysis report, a breath test affidavit, and an agency inspection report in order to report the results of the breath test and thus support the license suspension for an unlawful breath-alcohol level.
 

 Notably, section 316.1934(5) provides that an affidavit containing breath test results “is admissible in evidence under the
 
 *638
 
 exception to the hearsay
 
 rule in s.
 
 90.803(8)” without further authentication “and is presumptive proof of the results” if the affidavit discloses five specific items, including “the date of performance of the most recent required maintenance” if the test was administered by means of a breath testing instrument. § 316.1934(5)(e).
 
 [4]
 

 In this case, we need not address what specific documentation is required to constitute “breath test results” that will support an administrative license suspension. In light of the statutory and administrative code provisions regarding the proper procedures to establish the validity of breath test results, we conclude that when the officer who administratively suspends a person’s license submits breath test results pursuant to section 322.2615(2) that include the breath alcohol analysis report, a breath test affidavit, and an agency inspection report, and those documents identify specific persons, the hearing officer is authorized under section 322.2615(6)(b) to issue a subpoena to any person “identified in” those documents. The circuit court thus departed from the essential requirements of the law in concluding the Department was not authorized to issue a subpoena for the agency inspector.
 

 Moreover, this is the type of error that results in a miscarriage of justice meriting certiorari review. Section 322.2615 provides a driver the right to challenge a license suspension through an administrative proceeding. Although the procedure for the administrative review is strictly circumscribed by the statute, the procedure includes a certain level of due process to challenge the documentation submitted by the Department. When the Department relies upon a document prepared by an agency inspector to properly validate the breath test results, the statute permits the driver to subpoena the inspector identified in that document in an effort to overcome the statutory presumption that this otherwise hearsay document is proper proof for the issues to be resolved by the hearing officer. We therefore grant Ms. Yankey’s petition for writ of certiorari and quash the circuit court order.
 

 Petition granted; circuit court order quashed.
 

 CASANUEVA and WALLACE, JJ., Concur.
 

 [1]
 

 . Section 322.2615(13) creates a statutory right of review “by petition for writ of certio-rari to the circuit court.” Technically, this review is not a review under the circuit court’s constitutional jurisdiction to issue writs of common law certiorari. Instead, it is a direct review of an "administrative action prescribed by general law.”
 
 See
 
 art. V, § 5(b), Fla. Const. In contrast, this court reviews the circuit court order under its common law certiorari jurisdiction.
 
 See
 
 art. V, § 4(b)(3), Fla. Const.
 

 [2]
 

 . A related issue is raised in
 
 Department of Highway Safety & Motor Vehicles v. Maffett,
 
 1 So.3d 1286 (Fla. 2d DCA 2009), which we issue simultaneously with this opinion. In
 
 Maffett,
 
 however, the circuit court granted Mr. Maffett's petition for certiorari, concluding that the Department was required to issue a subpoena to the agency inspector. The
 
 Maffett
 
 case is thus in a different procedural posture and the nature of certiorari review requires two distinct analyses.
 

 [3]
 

 . As noted in footnote one,
 
 Maffett
 
 involves an opinion from the same circuit court reaching an opposite conclusion than the conclusion reached by the circuit court in this case, thus creating a conflict within the circuit.
 

 [4]
 

 . Although this statute appears directed at civil or criminal proceedings, this court has expressly referenced the statute in analyzing an administrative license suspension case.
 
 Dep’t of Highway Safety & Motor Vehicles v. Falcone,
 
 983 So.2d 755, 757 (Fla. 2d DCA 2008). In
 
 Falcone,
 
 we quashed a circuit court order granting certiorari to a driver because we concluded that although the Department was required to present evidence of the most recent breath test instrument inspection, it had done so by providing an agency inspection report. This opinion at least suggests that the breath test results would not have been admissible in the administrative proceeding without the agency inspection report or some other document to establish the date of the most recent required inspection.