ALTENBERND, Judge.
The Department of Highway Safety and Motor Vehicles seeks certiorari review of a circuit court opinion quashing an administrative order suspending Eric Escobio’s driver’s license for driving with an unlawful breath-alcohol level. The circuit court granted Mr. Escobio’s petition for certiora-ri and quashed the Department’s order on two separate bases. First, the circuit court held that the Department departed from the essential requirements of the law by interpreting section 322.2615(6)(b), Florida Statutes (2006)* to prohibit the hearing officer from issuing a subpoena for the agency inspector responsible for maintaining the breath testing equipment used to test Mr. Escobio’s breath-alcohol level. Second, the circuit court held that the hearing officer for the Department departed from the essential requirements of the law by refusing to consider the legality of the stop of Mr. Escobio’s vehicle when assessing whether the license suspension was proper.
As to the circuit court’s first basis for granting the petition, in Yankey v. Department of Highway Safety & Motor Vehicles, No. 2D08-2045, 6 So.3d 633, 2009 WL 416514 (Fla. 2d DCA Feb. 20, 2009), an opinion we issue simultaneously with this opinion, we have concluded that section 322.2615(6)(b) and related statutory *640 and administrative provisions require the Department to issue a subpoena to the agency inspector when the agency inspector is identified in documents submitted to the Department to validate the breath test results. Based upon the reasoning in Yan-key, we conclude the circuit court in this case applied the correct law in granting Mr. Escobio’s petition for writ of certiorari and quashing the order suspending his license on this basis. See also Dep’t of Highway Safety & Motor Vehicles v. Maffett, 1 So.3d 1286 (Fla. 2d DCA 2009). Were this the only issue raised in this proceeding, we would deny certiorari.
Nevertheless, we grant the Department’s petition for writ of certiorari because the circuit court departed from the essential requirements of the law in concluding that the hearing officer performing the formal administrative review hearing was required to address whether Mr. Escobio was placed under lawful arrest for a violation of section 316.193, Florida Statutes (2006). Pursuant to section 322.2615(7)(a), Florida Statutes (2006), the hearing officer’s review is limited to determining only (1) whether the arresting officer had probable cause to believe the person was driving or in actual physical control of the vehicle while under the influence of alcoholic beverages and (2) whether the person had an unlawful breath- or blood-alcohol level.[1] We therefore quash that portion of the circuit court’s order granting Mr. Escobio’s petition for writ of certiorari on this issue.
This issue centers on recent amendments to section 322.2615. Prior to October 1, 2006, section 322.2615(1)(a), Florida Statutes (2005), required a law enforcement officer to “suspend the driving privilege of a person who has been airested by a law enforcement officer for a violation of s. 316.193, relating to unlawful blood-alcohol level or breath-alcohol level.” (Emphasis added.) A driver whose license was suspended in this manner could request a formal review pursuant to section 322.2615(6). Under section 322.2615(7)(a), the scope of this formal review was limited to three issues: (1) whether the arresting officer had probable cause to believe the person was driving or in actual physical control of the vehicle while under the influence of alcoholic beverages, (2) whether the person was placed under lawful arrest for a violation of section 316.193, and (3) whether the person had an unlawful breath- or blood-alcohol level.
Effective October 1, 2006, however, the Florida Legislature amended these provisions. See ch. 2006-290, §§ 45, 51, at 2957, 2965, Laws of Fla. Section 322.2615(1)(a), Florida Statutes (2006), now requires a law enforcement officer to “suspend the driving privilege of a person who is driving or in actual physical control of a motor vehicle and who has an unlawful blood-alcohol or breath-alcohol level.” The statute no longer refers to “a person who has been arrested.” More important, section 322.2615(7)(a) now limits the scope of the administrative review to two issues: (1) whether the arresting officer had probable cause to believe the person was driving or in actual physical control of the vehicle while under the influence of alcoholic beverages, and (2) whether the person had an unlawful breath- or blood-alcohol level. The statute no longer permits the hearing officer to consider “[wjhether the person was placed under lawful arrest *641 for a violation of s. 316.193.” § 322.2615(7)(a)(2), Fla. Stat. (2005).
Mr. Escobio was arrested for driving under the influence of alcohol on October 6, 2006, five days after the effective date of the amended statute. He submitted to a breath-alcohol test on that date. The test results indicated breath-alcohol levels of .145 and .143 grams of alcohol per 210 liters of breath. These results led to the administrative suspension of Mr. Escobio’s license. That suspension is thus governed by the statute as amended on October 1, 2006.
Mr. Escobio does not dispute that the amended statute applies in this case, nor does he challenge the validity of the amended statute. Rather, he argued to the circuit court and now argues to this court that the interplay of sections 316.1932, Florida Statutes (2006), and section 322.2615, as amended, continue to permit the hearing officer to consider the legality of the arrest in determining whether to sustain the administrative license suspension. In the certiorari proceeding before this court, Mr. Escobio relies in large part upon the Fifth District’s opinion in Department of Highway Safety & Motor Vehicles v. Pelham, 979 So.2d 304 (Fla. 5th DCA), rev. denied, 984 So.2d 519 (Fla.2008).[2]
In Pelham, Jesse Pelham’s license was suspended after he refused to take a breath-alcohol test. 979 So.2d at 305. Pelham requested a formal administrative hearing and sought to challenge the legality of his arrest in that proceeding. The hearing officer refused to consider this issue in light of the 2006 amendments to section 322.2615(7). In Pelham, the amendments at issue were those in subsection (7)(b), involving the scope of the administrative hearing when the driver’s license was suspended for refusing to take a breath-alcohol test. Like the amendments to subsection (7)(a) discussed above, subsection (7)(b) was also amended by chapter 2006-290, section 45, to remove a provision that permitted the hearing officer to consider “[w]hether the person was placed under lawful arrest for a violation of s. 316.193” when assessing whether a license was properly suspended for refusing to take a breath-alcohol test. See id. at 306.
The Fifth District acknowledged that the amended provisions of section 322.2615(7)(b) applied in Pelham. Nevertheless, the Fifth District noted that Pel-ham’s “consent” to a breath-alcohol test was implied under the provisions of section 316.1932(1)(a)(1)(a), Florida Statutes (2007):
This statute, sometimes referred to as the Implied Consent Law, provides that any person who accepts the privilege of operating a motor vehicle in this state is deemed to consent to testing to determine the “alcoholic content of his or her blood or breath if the person is lawfully arrested -” § 316.1932(1)(a)(1)(a), Fla. Stat. (2007) (emphasis added). The statute further states that the test “must be incidental to a lawful arrest and administered at the request of a law enforcement officer.... ” Id. Thus, a lawful arrest must precede the administration of the breath test. State, Dep’t of Highway Safety & Motor Vehicles v. Whitley, 846 So.2d 1163, 1167 (Fla. 5th DCA 2003). It necessarily follows that an individual does not violate the Implied Consent Law when he or she refuses to take a test that is not incidental to a lawful arrest.
Pelham, 979 So.2d at 305-306.
The Fifth District concluded that sections 316.1932 and 322.2615 were interde *642 pendent and had to be read in pari mate-ria. In that context, the Fifth District concluded that “a suspension may not be predicated on refusal to take a test that is the product of an unlawful arrest.” Id. at 307. See also Hernandez v. Dep’t of Highway Safety & Motor Vehicles, 995 So.2d 1077 (Fla. 1st DCA 2008). As a result, the Fifth District denied the Department’s petition for writ of certiorari seeking to quash a circuit court order granting Pel-ham certiorari relief.
This court has recently rejected the reasoning of Pelham and certified conflict with the opinion. See McLaughlin v. Dep’t of Highway Safety & Motor Vehicles, 2 So.3d 988 (Fla. 2d DCA 2008). In McLaughlin, a case also involving the driver’s refusal to submit to a breath-alcohol test, we concluded that the plain language of section 322.2615(7)(b) limits the hearing officer’s scope of review and excludes any consideration of the lawfulness of the arrest and that that section could not be read in pari materia with section 316.1932 to create an ambiguity that did not exist.
Moreover, Pelham, Hernandez, and McLaughlin all involve license suspensions based upon the driver’s refusal to submit to a breath-alcohol test. These cases specifically address whether the driver may be penalized under section 316.1932(1)(a)(1)(a) for the refusal if the request was somehow improper. Here, Escobio submitted to a breath-alcohol test, and that test revealed an unlawful breath-alcohol level. He has not been penalized solely for refusal to submit to the test. He has pointed to no authority suggesting that the manner in which his consent was obtained invalidates the consent or to any authority that would invalidate or render inadmissible the results of such a test in an administrative proceeding based upon the manner in which the consent was obtained. Rather, the plain language of section 322.2615 requires the suspension of a driver’s license when that driver is shown to have operated a motor vehicle while having an unlawful breath-alcohol level. It limits the driver’s administrative review of the suspension to these two issues. § 322.2615(1)(a), (7)(a). Section 316.1932 is not implicated under these circumstances.[3]
We thus conclude the circuit court departed from the essential requirements of the law in holding that the hearing officer was required to consider the legality of Mr. Escobio’s arrest when reviewing the suspension of Mr. Escobio’s license for driving with an unlawful breath-alcohol level. The circuit court was compelled to comply with section 322.2615(7)(a), as amended effective October 1, 2006. Moreover, to the extent the circuit court’s opinion would require hearing officers in license suspensions to expand their scope of administrative review beyond the confines of the statute, this error is the type of error that results in a miscarriage of justice and is thus appropriate for certiorari review. Dep’t of Highway Safety & Motor-Vehicles v. Snelson, 817 So.2d 1045, 1048 (Fla. 2d DCA 2002).
Petition granted in part; denied in part.
CASANUEVA and WALLACE, JJ., concur.

. Although section 322.2615(7)(a) limits the scope of the administrative review in this manner, the statute obviously does not affect a driver's ability to challenge the lawfulness of his arrest in a criminal proceeding arising from the same circumstances or the legality of law enforcement’s actions in a civil proceeding.

. The Fifth District’s opinion in Pelham had not issued at the time tlte circuit court issued its opinion in this case. However, in his petition for writ of certiorari to the circuit court, Mr. Escobio relied upon the circuit court opinion leading to Pelham.